JUDGE NATHAN

MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
60 East 42nd Street, Suite 2020
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*



14 CV 8529

RECEIVED
OCT 2 4 2014
U.S.D.C. S.D. N.Y.
CASHIERS

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
VALENTIN TAPIA, ROMULO RICANO
BALDERAS, and EUFEMIA CASTILLO,
*individually and on behalf of others similarly*
*situated,*

                                    *Plaintiffs,*

          -against-

BLCH 3RD AVE. LLC. (d/b/a BRICK LANE
CURRY HOUSE), AJIT BAINS, and
SATINDER SHARMA,

                                    *Defendants.*
-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiffs Valentin Tapia, Romulo Ricano Balderas, and Eufemia Castillo, individually

and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through their

attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against

BLCH 3rd Ave. LLC. (d/b/a Brick Lane Curry House) ("Defendant Corporation"), Ajit Bains,

and Satinder Sharma allege as follows:

## NATURE OF THE ACTION

1.      Plaintiffs are former employees of defendants BLCH Third Ave. LLC. (d/b/a Brick Lane Curry House), Ajit Bains, and Satinder Sharma (collectively, "Defendants").

2.      Defendants own, operate, or control an Indian restaurant located at 1664 Third Avenue, New York, New York 10128 under the name Brick Lane Curry House.

3.      Upon information and belief, individual defendants Ajit Bains, and Satinder Sharma serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.      Plaintiffs were employed as dishwasher/cleaner and ostensibly employed as delivery workers.

5.      However, the delivery workers were required to spend a considerable part of their work day performing non-tipped, non-delivery duties including but not limited to, various restaurant duties such as cleaning and cutting chicken and lamb, sweeping and mopping the entire restaurant, chopping cilantro, cutting onions, replacing food containers in the refrigerators, washing pans and pots, cleaning the basement with Clorox, soap and brushes, taking out the garbage, cleaning filters, ripping apart cardboard boxes and tying them up, carrying down and stocking vegetables, pork, sodas,  milk, chicken and other food items in the basement, bringing up food and other items from the basement for the kitchen staff and washing the sidewalk (hereafter the "non-tipped, non-delivery duties").

6.      At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate compensation for the hours over 40 per week that they

worked. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiffs appropriately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium. Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they worked over 10 hours per day.

7. Defendants employed and accounted for some Plaintiffs as delivery workers in their payroll, but in actuality these Plaintiffs' duties required greater or equal time spent in non-tipped, non-delivery duties.

8. Regardless, at all times Defendants paid these Plaintiffs at the tip-credit rate.

9. Under state law, Defendants were not entitled to take a tip credit because these Plaintiffs' non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever was less in each day. 12 N.Y. C.R.R. §146.

10. Upon information and belief, Defendants employed the policy and practice of disguising these Plaintiffs' actual duties in payroll records by designating them as delivery workers instead of non-tipped employees. This allowed Defendants to avoid paying these Plaintiffs at the minimum wage rate and enabled them to pay these plaintiffs the lower tip-credited rate.

11. Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

12. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

- 3 -

13.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum wages and overtime pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 142-2.4(a) (2009) (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

14.     Plaintiffs seek certification of this action as a collective action on behalf of themselves individually and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

16.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district. Defendants maintain their corporate headquarters and offices within this district, and Defendants operate an Indian restaurant located in this district.  Further, Plaintiffs were employed by Defendants in this district.

## THE PARTIES

### *Plaintiffs*

- 4 -

17.     Plaintiff Valentin Tapia ("Plaintiff Tapia" or "Mr. Tapia") is an adult individual residing in New York County, New York.  Plaintiff Tapia was employed by Defendants from approximately January 2012 until on or about October 2012.

18.     Plaintiff Romulo Ricano Balderas ("Plaintiff Ricano" or "Mr. Ricano") is an adult individual residing in New York County, New York.  Plaintiff Ricano was employed by Defendants from approximately May 2012 until on or about January 2014.

19.     Plaintiff Eufemia Castillo ("Plaintiff Castillo" or "Ms. Castillo") is an adult individual residing in New York County, New York.  Plaintiff Castillo was employed by Defendants from approximately September 2012 until on or about October 1, 2014.

*Defendants*

20.     At all relevant times, Defendants owned, operated, or controlled an Indian restaurant located at 1664 Third Avenue, New York, New York 10128 under the name "Brick Lane Curry House".

21.      Upon information and belief BLCH 3rd Ave. LLC ("Defendant Corporation") is a domestic corporation organized and existing under the laws of the State of New York.

22.     Upon information and belief, the Defendant corporation has its principal place of business at 1664 Third Avenue, New York, New York, 10128.

23.     Defendant Ajit Bains is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.  Defendant Ajit Bains is sued individually in his capacity as owner, officer and/or agent of the Defendant Corporation.  Defendant Ajit Bains possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controls significant functions of Defendant Corporation.  He determined the wages and compensation of the employees of Defendants, including Plaintiffs,

- 5 -

and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

24.     Defendant Satinder Sharma is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.  Defendant Satinder Sharma is sued individually in his capacity as owner, officer and/or agent of the Defendant Corporation. Defendant Satinder Sharma possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controls significant functions of Defendant Corporation.  He determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

25.     Defendants operate an Indian restaurant located in the Carnegie Hill section of Manhattan in New York City.

26.     The individual defendants, Ajit Bains and Satinder Sharma, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

27.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

28.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the

- 6 -

employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

29.     Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

30.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

31.     Upon information and belief, individual defendants Ajit Bains, and Satinder Sharma operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

> a.  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a corporation,
>
> b.  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,
>
> c.  transferring assets and debts freely as between all Defendants,
>
> d.  operating Defendant Corporation for their own benefit as the sole or majority shareholders,
>
> e.  operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation,
>
> f.  intermingling assets and debts of their own with Defendant Corporation,

g.  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h.  other actions evincing a failure to adhere to the corporate form.

32.  At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law.  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

33.  In each year from 2011 to the present, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

34.  In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce.  As an example, numerous items that were used in the restaurant on a daily basis were goods produced outside of the State of New York.

*Individual Plaintiffs*

35.  The Plaintiffs are former employees of the Defendants who were employed as dishwasher/cleaner and ostensibly employed as delivery workers.  However, the delivery workers spent a considerable amount of time performing the non-tipped, non-delivery duties described above.

36.  Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Valentin Tapia*

37.  Plaintiff Tapia was employed by Defendants from approximately January 2012 until on or about October 2012.

- 8 -

38.     Defendants ostensibly employed Plaintiff Tapia as a delivery worker.

39.     However, Plaintiff Tapia was also required to spend a significant portion of his work day performing the non-tipped, non-delivery duties described above.

40.     Although Plaintiff Tapia was ostensibly employed as a delivery worker, he spent over six hours of each day performing non-delivery work throughout his employment with Defendants.

41.     Plaintiff Tapia regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

42.     Plaintiff Tapia's work duties required neither discretion nor independent judgment.

43.     Throughout his employment with Defendants, Plaintiff Tapia regularly worked in excess of 40 hours per week.

44.     From approximately January 2012 until on or about October 2012, Plaintiff Tapia worked from approximately 11:00 a.m. until on or about 11:30 p.m., Mondays through Fridays and from approximately 11:00 a.m. until on or about 12:00 a.m. on Saturdays (typically 75.5 hours per week).

45.     Throughout his employment with defendants, Plaintiff Tapia was paid his wages in cash.

46.     From approximately January 2012 until on or about October 2012, Plaintiff Tapia was paid a fixed salary of $290 per week.

47.     Plaintiff Tapia's pay did not vary even when he was required to stay late or work a longer day than his usual schedule.

48.     Defendants only granted Plaintiff Tapia a 15 minute break or meal period.

49.     Plaintiff Tapia was never notified by Defendants that his tips were being included as an offset for wages.

50.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Tapia's wages.

51.     Plaintiff Tapia was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

52.     Instead, in order to disburse his wages, Defendants required Plaintiff Tapia to sign a document the contents of which were unknown to him.

53.     Furthermore, Defendants did not provide Plaintiff Tapia with a statement of wages with each payment of wages, as required by NYLL 195(3).

54.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Tapia regarding overtime and wages under the FLSA and NYLL.

55.     Defendants did not give any notice to Plaintiff Tapia, in English and in Spanish (Plaintiff Tapia's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

56.     Defendants required Plaintiff Tapia to purchase "tools of the trade" with his own funds—including three bicycles (one for $200, one for $250 and one for $300). Thus, the total cost of the "tools of the trade" Plaintiff Tapia was required to purchase as a deliveryman was approximately $750.00.

### Plaintiff Romulo Ricano Balderas

57.     Plaintiff Ricano was employed by Defendants from approximately May 2012 until on or about January 2014.

- 10 -

58.     Defendants ostensibly employed Plaintiff Ricano as a delivery worker.

59.     However, Plaintiff Ricano was also required to spend a significant portion of his work day performing the Non-tipped, Non-delivery Duties described above.

60.     Although Plaintiff Ricano was ostensibly employed as a delivery worker, he spent over six hours of each day performing non-delivery work throughout his employment with Defendants.

61.     Plaintiff Ricano regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

62.     Plaintiff Ricano' work duties required neither discretion nor independent judgment.

63.     Throughout his employment with Defendants, Plaintiff Ricano regularly worked in excess of 40 hours per week.

64.     From approximately May 2012 until on or about January 2014, Plaintiff Ricano worked from approximately 11:00 a.m. until on or about 11:30 p.m. six days a week except every August when he would have to work 7 days a week (typically 75 to 87.5 hours per week).

65.     Throughout his employment with defendants, Plaintiff Ricano was paid his wages in cash.

66.     From approximately May 2012 until on or about January 2014, Plaintiff Ricano was paid a fixed salary of $375 per week 11 months of the year and $415 per week every August.

67.     Plaintiff Ricano's pay did not vary even when he was required to stay late or work a longer day than his usual schedule.

68.     Defendants only granted Plaintiff Ricano a 15 minute break or meal period two times a week.

69.     Plaintiff Ricano was never notified by Defendants that his tips were being included as an offset for wages.

70.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Ricano's wages.

71.     Plaintiff Ricano was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

72.     Instead, in order to disburse his wages, Defendants required Plaintiff Ricano to sign a document the contents of which were unknown to him.

73.     Furthermore, Defendants did not provide Plaintiff Ricano with a statement of wages with each payment of wages, as required by NYLL 195(3).

74.     Defendants did not give any notice to Plaintiff Ricano, in English and in Spanish (Plaintiff Ricano's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Eufemia Castillo*

75.     Plaintiff Castillo was employed by Defendants from approximately September 2012 until on or about October 1, 2014.

76.     Defendants employed Plaintiff Castillo as dishwasher, mopper, and cleaner of onions, shrimp, and filters.

77.     Plaintiff Castillo regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

78.     Plaintiff Castillo's work duties required neither discretion nor independent judgment.

79.     Throughout her employment with Defendants, Plaintiff Castillo regularly worked in excess of 40 hours per week.

80.     From approximately September 2012 until on or about March, 2013, Plaintiff Castillo worked from 11:00 a.m. until on or about 11:30 p.m. six days a week (typically 75 hours per week).

81.     From approximately March 2013 until on or about October 1, 2014, Plaintiff Castillo worked from 1:00 p.m. until on or about 11:30 p.m. five days a week (typically 52.5 hours per week).

82.     Throughout her employment with defendants, Plaintiff Castillo was paid her wages in cash.

83.     From approximately September 2012 until on or about March 2013, Plaintiff Castillo was paid a fixed salary of $350 per week.

84.     From approximately March 2013 until on or about October 1, 2014, Plaintiff Castillo was paid a fixed salary of $290 per week.

85.     Plaintiff Castillo's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

86.     In fact, Defendants required Plaintiff Castillo to work 30 minutes past her departure time every day and did not pay her for the extra time worked.

87.     Defendants only granted Plaintiff Castillo a 15 minute meal break each day.

- 13 -

88.     No notifications, either in the form of posted notices or other means, were ever given to Plaintiff Castillo regarding overtime and wages under the FLSA and NYLL.

89.     Plaintiff Castillo was not required to keep track of her time, nor to her knowledge did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

90.     Instead, in order to disburse her paycheck, Defendants required Plaintiff Castillo to sign a document the contents of which were unknown to her.

91.     Furthermore, Defendants did not provide Plaintiff Castillo with a statement of wages with each payment of wages, as required by NYLL 195(3).

92.     Defendants did not give any notice to Plaintiff Castillo, in English and in Spanish (Plaintiff Castillo's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

### Defendants' General Employment Practices

93.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, overtime and spread of hours pay as required by federal and state laws.

94.     Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

95.     Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, resulting in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

96.     At no time did Defendants inform Plaintiffs that they had reduced their hourly wage by a tip allowance.

97.     Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

98.     Defendants required several Plaintiffs to perform general non-delivery, non-tipped restaurant tasks in addition to their primary duties as delivery workers.

99.     Several Plaintiffs were employed ostensibly as tipped employees by Defendants, although their actual duties included greater or equal time spent performing non-tipped duties.

100.    These Plaintiffs were paid at the lowered tip-credited rate by Defendants. However, under state law, Defendants were not entitled to a tip credit because Plaintiffs' non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever was less). 12 N.Y. C.R.R. § 146.

101.    New York State regulations provide that an employee cannot be classified as a tipped employee "on any day… in which he has been assigned to work in an occupation in which tips are not customarily received." (12 N.Y.C.R.R. §§137-3.3 and 137-3.4).  Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

102.    Plaintiffs' duties were not incidental to their occupation as delivery workers, but instead constituted entirely unrelated general restaurant work with duties including the Non-tipped, Non-Delivery Duties described herein.

103.    In violation of federal and state law, as discussed above, Defendants classified these Plaintiffs as tipped employees and paid them at the tip-credited rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

- 15 -

104.   Defendants failed to inform Plaintiffs who received tips that Defendants intended to take a deduction against Plaintiffs' earned wages for tip income, as required by the NYLL before any deduction may be taken.

105.   Defendants failed to inform Plaintiffs that their tips would be credited towards the payment of the minimum wage.

106.   Defendants failed to maintain a record of tips earned by Plaintiffs for the deliveries they made to customers.

107.   All Plaintiffs were paid their wages entirely in cash.

108.   Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

109.   Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

110.   Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

111.   Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated current and former delivery workers.

112.   Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

- 16 -

113.     Defendants failed to provide Plaintiffs and other employees with wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

114.     Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

115.     Plaintiffs bring their FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants on or after the date that is three years before the filing of this Complaint (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

- 17 -

116.    At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions.

117.    At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them at a one and one-half times their regular rates for work in excess of forty (40) hours per workweek.

118.    At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have been subject to Defendants' willful failure to keep records required by the FLSA.

119.    The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
## (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

120.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

121.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

122.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

123.    Defendants constituted an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

- 18 -

124. In violation of 29 U.S.C. § 206(a), Defendants failed to pay Plaintiffs at the applicable minimum hourly rate.

125. Defendants' failure to pay Plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

126. Plaintiffs were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

127. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

128. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

129. Defendants' failure to pay Plaintiffs, and the putative FLSA Class members, overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

130. Plaintiffs were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)

131. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

132. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs, controlled their terms and conditions of employment, and determined the rates and methods of any compensation in exchange for their employment.

133. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

134. Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

135. Plaintiffs have been damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**(VIOLATION OF THE OVERTIME PROVISIONS OF THE**
**NEW YORK STATE LABOR LAW)**

136. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

137. Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

138. Defendants failed to pay Plaintiffs in a timely fashion, as required by Article 6 of the New York Labor Law.

139. Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

140. Plaintiffs were damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**
**(VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**
**OF THE NEW YORK COMMISSIONER OF LABOR)**

141. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

142. Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 142-2.4(a) (2009).

143.    Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

144.    Plaintiffs were damaged in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

145.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

146.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

147.    Defendants are liable to each Plaintiff in the amount of $2,500, together with costs and attorney's fees.

### SEVENTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

148.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

149.    With each payment of wages, Defendants failed to provide Plaintiffs with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and

- 21 -

basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

150.    Defendants are liable to each Plaintiff in the amount of $2,500, together with costs and attorney's fees.

### EIGHTH CAUSE OF ACTION
### (RECOVERY OF EQUIPMENT COSTS)

151.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

152.    Defendants have required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, such as bicycles, further reducing their wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

153.    Plaintiffs have been damaged in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(d)     Declaring that the Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' (and the prospective collective class members') compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs (including the prospective collective class members);

(f)     Awarding Plaintiffs (including the prospective collective class members) damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)      Awarding Plaintiffs (including the prospective collective class members) liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)      Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)      Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs;

(k)      Declaring that the Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(l)      Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiffs;

(m)      Awarding Plaintiffs damages for the amount of unpaid minimum and overtime wages, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL, as applicable;

(n)      Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)      Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages

- 24 -

pursuant to NYLL § 198(3);

(p)    Awarding Plaintiffs (including the prospective collective class members) pre-judgment and post-judgment interest as applicable;

(q)    Awarding Plaintiffs (including the prospective collective class members) the expenses incurred in this action, including costs and attorneys' fees;

(r)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)    All such other and further relief as the Court deems just and proper.

Dated: New York, New York
       October 24, 2014

                                    MICHAEL FAILLACE & ASSOCIATES, P.C.

                        By:    _____
                               Michael Faillace [MF-8436]
                               MICHAEL FAILLACE & ASSOCIATES, P.C.
                               Michael A. Faillace [MF-8436]
                               60 East 42nd Street, suite 2020
                               New York, New York 10165
                               Telephone: (212) 317-1200
                               Facsimile: (212) 317-1620