**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
VALENTIN TAPIA, ROMULO RICANO
BALDERAS and EUFEMIA CASTILLO,
*individually and on behalf of others similarly situated,*

                               *Plaintiffs*,

            -against-

BLCH 3RD AVE. LLC. (d/b/a BRICK LANE
CURRY HOUSE), AJIT BAINS, and
SATINDER SHARMA,

                             *Defendants.*
--------------------------------------------------------X

**1:14-CV-08529 (AJN)**

**[PROPOSED] PRETRIAL ORDER**

Honorable Alison J. Nathan, United States District Judge:

      The Plaintiffs[1] propose the following statements, directions and agreements as the

Pre-trial Order:

**i.**       *Caption*:

        Valentin Tapia, Romulo Ricano Balderas, and Eufemia Castillo v. BLCH 3rd

        Ave LLC. (d/b/a Brick Lane Curry House), Ajit Bains, and Satinder Sharma,

        14-CV-8529 (AJN) (S.D.N.Y.)

**ii.**      *Parties and Counsel*:

        **a. Plaintiffs:**

           Michael Faillace, Esq.
           Raquel Gutierrez, Esq.
           Joshua Androphy, Esq.
           MICHAEL FAILLACE & ASSOCIATES, P.C.
           60 East 42nd Street, Suite 2540
           New York, NY 10165
           Tel.: 212-317-1200

---

[1] The attorney for Defendants did not participate in the preparation of this pretrial order.

>    Fax: 212-317-1620
>    michael@faillacelaw.com
>    jandrophy@faillacelaw.com
>    rgutierrez@faillacelaw.com
>
>    b. **Defendants:**
>
>    Nitin Kaushik
>    Kaushik & Associates, PLLC
>    38 West 32nd Street
>    New York, NY 10001
>    Tel:  (212)-380-1029
>    Fax: (212)-656-1013
>    nkaushik@kaushiklex.com

**iii.**     <u>*Jurisdiction:*</u>

*Plaintiffs:*

This Court has subject matter jurisdiction under 28 U.S.C. § 1331 pursuant to claims asserted under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), and supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

Plaintiffs maintain that this Court has jurisdiction over this action. The Plaintiffs in this case are covered employees as defined by the FLSA, and the Defendants do engage in interstate commerce.  Defendants also have a gross volume of sales made or business done that exceeds $500,000.00 per year.

*Defendants:*

**iv.**     <u>*Claims and Defenses*</u>**:**

This is an action for money damages brought by Plaintiffs Valentin Tapia, Romulo Ricano Balderas, and Eufemia Castillo. Plaintiffs bring this suit alleging overtime violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"),

violations of the N.Y. Lab. Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the 'spread of hours' and overtime wage orders of the New York Commission of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4(a).  Plaintiffs assert the following claims, all of which remain to be tried.

    1.    **Violation of the Minimum Wage Provisions of the FLSA.**  Plaintiffs allege that Defendants were their employers and willfully failed to pay them the applicable hourly minimum wage rate.  29 U.S.C. §§ 206, 216, 255(a).

    In response, Defendants _____

    2.    **Violation of the Overtime Provisions of the FLSA**.  Plaintiffs allege that Defendants were their employers and willfully failed to pay them the applicable overtime wage rate for all hours above 40 worked in a week.  29 U.S.C. §§ 207, 216, 255(a).

    In response, Defendants _____

    3.    **Violation of the New York Minimum Wage Provisions.**  Plaintiffs allege that Defendants were their employers and willfully failed to pay them the applicable hourly minimum wage rate.  NYLL §§652(1), 663.

    In response, Defendants _____

    4.    **Violation of the New York Overtime Provisions**.  Plaintiffs allege that Defendants were their employers and willfully failed to pay them the applicable overtime wage rate for all hours above 40 worked in a week.  NYLL §§190, *et seq.*; 12 NYCRR §146-1.4.

    In response, Defendants _____

5. **Violation of the New York Spread of Hours Provisions.** Plaintiffs allege that Defendants were their employers and willfully failed to pay them an additional hour's pay for each day that the interval between the beginning and end of their workdays was more than ten hours.  12 NYCRR § 142-2.4.

In response, Defendants _____

6. **Violation of the New York Notice and Recordkeeping Provisions.** Plaintiffs allege that Defendants failed to provide Plaintiffs with a written notice at the time of hiring, or within the first month each year they worked for Defendants, in English and in Spanish (their primary language), of (1) the employee's rate of pay; (2) the overtime rate of pay; (3) the basis for the employee's pay (e.g., hourly, daily, weekly, salary, commission, and so forth); (4) all allowances claimed as part of the minimum wage (e.g., tips, meals, or lodging allowances); (5) the employee's regular pay day; (6) the name of the employer, including whether the employer is "doing business as" under any other name; (7) the employer's address; and (8) the employer's telephone number. NYLL 195(1).

In response, Defendants _____

7. **Violation of the New York Wage Statement Provision.**  Plaintiffs allege that Defendants did not provide them with wage statements upon each payment of wages containing (1) the dates the payment of wages covers; (2) the name of both the employee and employer; (3) the employer's address and telephone number; (4) the rate and basis of pay; (5) gross wages; (6) deductions; (7) allowances (if applicable); and (8) net wages. NYLL §195(3).

In response, Defendants _____

**v.**     ***Jury or Bench Trial*:**

Plaintiffs anticipate that the trial will last approximately one to two days, and is to be without a jury.

**vi.**     ***Consent to Trial by Magistrate Judge***

The parties have not consented to trial by a Magistrate Judge.

**vii.**     ***Stipulations:***

There are no joint stipulations of fact and law, because Defendants have not participated in the preparation of the joint pretrial order. Plaintiffs, therefore, propose the following stipulations in the event that Defendants choose to adopt them at a later date.

**PROPOSED JOINT STIPULATIONS OF FACT**

1.     The Plaintiffs filed this present action in the United States District Court in the Southern District of New York on October 24, 2014.

2.     Defendants BLCH 3rd Ave LLC., Ajit Bains, and Satinder Sharma were timely served with the Complaint.

3.     Brick Lane Curry House is an Indian restaurant located at 1664 Third Avenue, New York, NY 10128.

4.     Plaintiffs are former employees of Defendants BLCH 3RD Ave LLC. (d/b/a Brick Lane Curry House), Ajit Bains and Satinder Sharma, at the restaurant known as Brick Lane Curry House.

5.  BLCH 3rd Ave LLC. is a domestic corporation organized under the laws of the state of New York and maintains its principal executive office at 1664 Third Avenue, New York, New York 10128.

6.  Ajit Bains and Satinder Sharma are shareholders of BLCH 3RD Ave LLC.

7.  At all times relevant to this action, Defendants Ajit Bains and Satinder Sharma jointly determined (1) employees' compensation, (2) determined employees' work hours and schedules, (3) determined employees' statuses as exempt or nonexempt, (4) calculated employees' time worked, (5) reviewed Brick Lane Curry House's payroll, (6) maintained payroll records, (7) managed and supervised employees.

8.  All at all relevant periods, Defendants' enterprise engaged in commerce or in the production of goods in commerce within the meaning of the FLSA because its employees handle and work on goods and materials that have been moved in and produced for commerce; and had a gross volume of sales and business done of over $500,000.00 per year.

**PROPOSED JOINT STIPULATIONS OF LAW**

1.  This Court has subject matter jurisdiction for Plaintiffs' claims under 28 U.S.C. § 1331 pursuant to claims asserted under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

2.  Plaintiffs' claims arising under New York law are so related to the FLSA claims that they form part of the same case or controversy, and are therefore within the supplemental jurisdiction of the court. 28 U.S.C. § 1367.

3.  Under both federal and New York state law, an employee must be paid a minimum wage. 29 U.S.C. §206; N.Y. Lab. Law §652.

4. From July 24, 2009 through December 31, 2013, the minimum wage rate pursuant to the New York Labor Law was $7.25. From December 31, 2013 through December 31, 2014, the minimum wage rate pursuant to the New York Labor Law was $8.00. N.Y. Comp. Code R. & Regs. tit. 12, §142-2.1(a) (2013).

5. The statute of limitations for FLSA actions is two years, or three in cases of "willful" violations. 29 U.S.C. §255.

6. The statute of limitations under the New York Labor Law is six years.

7. Under both federal and New York state law, an employee must be paid at the rate of one and one-half times the employee's regular hourly rate for each hour the employee works in excess of 40 hours in a given workweek. 29 U.S.C. § 207(2)(C); 12 N.Y. Comp. Codes R. & Regs. Tit. 12, § 142-2.2 (2013).

8. Overtime pay under the FLSA is calculated by applying a multiplier of one and one half to an employee's "regular rate" of pay. 29 C.F.R. § 778.107; 29 U.S.C. § 207(a)(1).

9. Under the FLSA, an employee-plaintiff bears the burden that he/she performed work for which he/she was not properly compensated. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

10. "[T]he plaintiff must produce sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Daniels v. 1710 Realty LLC*, No 10 Civ. 22, 2011 WL 3648245, at *4 (E.D.N.Y. Aug. 17, 2011).

11. A plaintiff may meet this burden "through estimates based on his own recollection." *Kuebel v. Black & Decker, Inc.*, 643 F.3d 352, 362 (2d Cir. 2011).

12. Under 29 U.S.C. Section 203(t), a "tipped employee" is defined as any employee who customarily receives more than $30 per month in tips.

13. Under 29 U.S.C. Section 203(m), an employer is permitted to pay tipped employees at an hourly rate less than the minimum wage by allowing as a credit the actual amount of tips received by the employee against the required hourly minimum wage, provided that when their tips are accounted for, they receive the minimum wage of $7.25 per hour. 29 U.S.C. §203(m); *Chhab v. Darden Rests., Inc.*, 2013 U.S. Dist. LEXIS 135926, *9 n. 4, 2013 WL 5308004 (S.D.N.Y. Sept. 20, 2013).

14. 29 C.F.R. Section 531.56(e) provides that employers are entitled to take the tip credit for duties related to the tipped occupation for time spent in duties related to the tipped occupation even though such duties are not by themselves directed towards producing tips (i.e. maintenance and preparatory or closing activities). The regulation specifically includes cleaning, setting tables, washing dishes and similar duties. *See Hart v. Crab Addison, Inc.*, 2014 WL 175231 (W.D.N.Y. June 24, 2014).

15. When an employee spends time performing both tipped and non-tipped work, Department of Labor regulations "permit the employer to utilize the tip credit only for hours spent by the employee in the tipped occupation." *Chhab*, 2013 U.S. Dist. LEXIS 135926, at *9 (citing 29 C.F.R. §531.51). Furthermore, the Department of Labor has issued an opinion that "tipped employees who spend a substantial amount of time, or more than twenty percent of their workweeks, engaged in related but non-tip-producing work must be paid the full minimum wage for the time spent performing the non-tipped work." *Id.*, 2013 U.S. Dist. LEXIS 135926, at *10-11 (citing U.S. Department of Labor, Wage and Hour Division Fact Sheet #15: Tipped Employees Under the Fair Labor Standards Act

(FLSA) (rev. Mar. 2011) ("DOL Fact Sheet #15"), available at http://www.dol.gov/whd/regs/compliance/whdfs15.pdf).

16. Pursuant to 12 N.Y.C.R.R. Section 146-1.3, an employer may take a credit towards the basic hourly rate if a service employee or food service worker receives enough tips and if the employee has been notified of the tip credit. Such employees are "tipped employees."

17. To take the tip credit under the NYLL the employer must provide the employee written notice of the employee's hourly rate, overtime rate, and tip credit. 12 NYCRR §146-2.2. The notice must be in both English and in any other language spoken by the employee as his primary language. 12 NYCRR §146-2.2(a).

18. Under the NYLL, a restaurant employee is not a "food service worker" and may not be paid at the lower tip credit rate if the employee is assigned to do work for which tips are not received for 2 hours or more or for more than 20 percent of her shift, whichever is less. 12 NYCRR §146-3.4; *see also* 12 NYCRR §146-2.9.

19. Under the NYLL, an employee whose workday exceeds an interval of ten (10) or more hours is entitled to receive "spread of hours" pay for that day, i.e., an additional one-hour's pay at the applicable minimum wage rate. 12 N.Y.C.R.R. § 146-1.6. Spread-of-hours pay is excluded from the regular rate for the purposes of calculating overtime pay. 12 N.Y.C.R.R. § 146-1.6(c).

**viii.** *Witnesses*:

Plaintiffs' Prospective Witnesses

1. Valentin Tapia, direct testimony by affidavit. Will testify as to his employment with Defendants, including his job responsibilities, hours worked, pay received, and Defendants' policies.

2. Romulo Ricano Balderas, direct testimony by affidavit. Will testify as to his employment with Defendants, including his job responsibilities, hours worked, pay received, and Defendants' policies.

3. Eufemia Castillo, direct testimony by affidavit. Will testify as to her employment with Defendants, including her job responsibilities, hours worked, pay received, and Defendants' policies.

Plaintiffs reserve the right to call records custodians, if necessary, to authenticate or otherwise lay the foundation for admission of any evidence identified for trial purposes. Plaintiffs reserve the right to call additional witnesses to rebut defendants' witnesses' testimony, and to use deposition testimony in accordance with the Federal Rules of Evidence and Federal Rules of Civil Procedure. Plaintiffs reserve the right to call Defendants' witnesses as adverse witnesses in the event they choose not to testify.

Plaintiffs will testify through a Spanish language interpreter.

Defendants' Prospective Witnesses

**ix.** *Deposition Testimony***:**

Plaintiffs do not intend to admit deposition testimony as a substitute for direct testimony at trial at this time.

**x.** *Exhibits*

Plaintiffs' Exhibits

Plaintiffs reserve the right to offer additional exhibits, including but not limited to deposition testimony transcripts, for the purpose of impeachment.

| Exhibit | Description | Objection |
|---------|-------------|-----------|
| P-1 | Complaint | |
| P-2 | Answer to the Complaint | |
| P-3 | Payroll for Plaintiff Eufemia Castillo | |
| P-4 | Payroll for Plaintiff Valentin Tapia | |
| P-5 | Payroll for Plaintiff Romulo Ricano Balderas | |

## *Statement of Damages*

Minimum Wage and Overtime Damages

Plaintiffs maintain that Defendants are liable for unpaid minimum and overtime wages as follows:

Valentin Tapia: $10,037.63

Romulo Ricano Balderas: $16,495.31

Eufemia Castillo: $20,990.63

The damages are calculated by determining the pay Plaintiffs would have received each week if they were paid at the appropriate minimum wage and overtime wages for all hours worked above 40 per week, and subtracting the amount Plaintiffs were actually paid for each week.

Defendants _____

Liquidated Damages on Minimum Wage and Overtime Damages

Plaintiffs maintain the Defendants are liable for liquidated damages as follows:

Valentin Tapia: $20,075.25

Romulo Ricano Balderas: $32,990.63

Eufemia Castillo: $41,981.25

The damages are calculated by multiplying the weekly unpaid wages by 200% for all dates after April 9, 2011.

Defendants _____

Unpaid Spread of Hours Wages Under the New York Labor Law

Plaintiffs maintain the Defendants are liable for spread of hours damages as follows:

Valentin Tapia: $1,131.00

Romulo Ricano Balderas: $1,465.25

Eufemia Castillo: $3,934.50

Spread of hours damages are calculated by multiplying the minimum wage rate by the number of dates that Plaintiffs worked a spread of hours of more than ten.

Defendants _____

Liquidated Damages on Unpaid Spread of Hours Wages Under the New York Labor Law

Plaintiffs maintain the Defendants are liable for spread of hours liquidated damages and as follows:

Valentin Tapia: $1,131.00

Romulo Ricano Balderas: $1,465.25

Eufemia Castillo: $3,934.50

Liquidated damages on spread of hours violations are calculated as 100% of the spread of hours damages.

Defendants _____


Violation of New York Annual Wage Notice Law

Plaintiffs maintain Defendants are liable as follows:

Valentin Tapia: $1,300.

Romulo Ricano Balderas: $1,550.

Eufemia Castillo: $2,500.

The damages are calculated by multiplying the number of weeks the violation persisted for by $50, up to a maximum of $2,500.

Defendants _____

Violation of New York Wage Statement Law

Plaintiffs maintain Defendants are liable as follows:

Valentin Tapia: $2,500.

Romulo Ricano Balderas: $2,500.

Eufemia Castillo: $2,500.

The damages are calculated by multiplying the number of weeks the violation occurred for by $100, up to a maximum of $2,500.

Defendants _____

SO ORDERED:

Dated: New York, New York

_____, 2015

_____
HON. J. ALISON J. NATHAN
United States District Judge