**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
VALENTIN TAPIA, ROMULO RICANO
BALDERAS, and EUFEMIA CASTILLO,
*individually and on behalf of others similarly*    Docket No.: **1:14-cv-08529 (AJN)**
*situated,*

                              *Plaintiffs*,

      -against-

BLCH 3RD AVE. LLC. (d/b/a BRICK LANE
CURRY HOUSE), AJIT BAINS, and
SATINDER SHARMA,

                              *Defendants.*

-------------------------------------------------------X

## PLAINTIFFS' PRE TRIAL MEMORANDUM OF LAW

                                                        MICHAEL FAILLACE & ASSOCIATES, P.C.
                                                        Raquel A. Gutiérrez
                                                        60 East 42nd Street, Suite 2540
                                                        New York, New York 10165
                                                        (212) 317-1200
                                                        *Attorneys for Plaintiffs*

**Table of Contents**

**Preliminary Statement**..................................................................................................1
**Argument**......................................................................................................................1
   I. PLAINTIFFS' DAMAGES .......................................................................................1
   II. PLAINTIFFS WERE NOT LEGALLY PAID AT THE TIP CREDIT RATE........................5
      FLSA Tip-Credit Requirements ................................................................................5
      New York State Law Tip-Credit Requirements ........................................................8
   III. PLAINTIFFS ARE ENTITLED TO LIQUIDATED DAMAGES UNDER BOTH NEW YORK
   AND FEDERAL LAW ..............................................................................................10
**Conclusion** ...................................................................................................................12

# Table of Contents

**Cases**

*Ayers v. SGS Control Servs., Inc*., No. 03 Civ. 9078, 2007 U.S. Dist. LEXIS 76539, 2007 WL 3171342 (S.D.N.Y. Oct. 9, 2007) ................................................................................................ 4

*Barfield v. New York City Health and Hospitals Corp.,* 537 F.3d 132 (2d Cir. 2008) .............. 9-10

*Berrios v. Nicholas Zito Racing Stable, Inc.*, 849 F.Supp.2d 372, 385 (E.D.N.Y. 2012) .............. 3

*Carter v. Frito–Lay, Inc.,* N.Y.S.2d 115, 116 (1st Dep't 1980) ..................................................... 10

*Chhab v. Darden Rests., Inc.*, 2013 U.S. Dist. LEXIS 135926, 2013 WL 5308004 (S.D.N.Y. Sept. 20, 2013) ................................................................................................................. 5, 7

*Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253 (S.D.N.Y. 2011) ............................. 6

*Giles v. City of New York*, 41 F.Supp.2d 308 (S.D.N.Y. 1999) ...................................................... 3

*Guallpa v. NY Pro Signs Inc.*, No. 11-cv-3133 (LGS), 2014 U.S. Dist. LEXIS 116671, 2014 WL 4105948 (S.D.N.Y. Aug. 18, 2014) ................................................................................ 2, 3, 4

*Hart v. Rick's Cabaret*, 2013 U.S. Dist. LEXIS 129130, 2013 WL 4822199 (S.D.N.Y. Sept. 10, 2013) ............................................................................................................................... 10

*He v. Home on 8th Corp*., No. 09 Civ. 5630, 2014 U.S. Dist. LEXIS 114605, 2014 WL 3974670, (S.D.N.Y. Aug. 13, 2014). ...................................................................................................... 7

*Herman v. RSR Sec. Services Ltd*., 172 F.3d 132 (2d Cir. 1999)). ........................................... 9, 10

*Inclan v. New York Hospitality Grp., Inc.,* Index No. 12-cv-4498 (NRB), 2015 U.S. Dist. LEXIS 39342, (S.D.N.Y. Mar. 26, 2015) ................................................................................................ 6

*Kim v. Kum Gang*, Index No. 12-cv-6344 (MHD), 2015 U.S. Dist. LEXIS 39095 (S.D.N.Y. Mar. 19, 2015) .................................................................................................................. 5, 6, 10

*Lanzetta v. Florio's Enterprises, Inc.*, 08-cv-6181 (DC), 2011 WL 3209521 (S.D.N.Y. July 27, 2011) ........................................................................................................................................ 10

*Marquez v. Erenler*, Index No. 12-cv-8580 (GHW) (S.D.N.Y. Oct. 22, 2014) .............................. 6

*Martin v. Tango's Rest., Inc.,* 969 F.2d 1319, 1322 (1st Cir. 1992) ............................................... 6

*McLean v. Garage Mgmt. Corp.*, 2012 U.S. Dist. LEXIS 55425, 2012 WL 1358739 (S.D.N.Y. April 19, 2012) ........................................................................................................................ 9

*Moon v. Kwon*, 248 F.Supp.2d 201 (S.D.N.Y. 2002) ................................................................. 3, 9

*O'Neill v. Mermaid Touring, Inc.*, 968 F.Supp.2d 572 (S.D.N.Y. 2013) ....................................... 4

*Perez v. Lorraine Enters., Inc.*, 769 F.3d 23, 27 (1st Cir. 2014) .................................................... 7

*Perez v. Platinum Plaza 400 Cleaners, Inc.*, Index No. 12-cv-9353 (PAC), 2015 U.S. Dist. LEXIS 54066 (S.D.N.Y. April 24, 2015) ................................................................................. 2

*Reilly v. Natwest Markets Grp. Inc.*, 181 F.3d 253 (2d Cir. 1999) ............................................... 10

*Solis v. Cindy's Total Care, Inc.*, 2012 U.S. Dist. LEXIS 1808,

2012 WL 28141 (S.D.N.Y. Jan. 5, 2012) ................................................................................... 9

*Tackie v. Keff Enterprises LLC*, 14-cv-2074 (JPO), 2014 U.S. Dist. LEXIS 130148, 2014 WL 4626229 (S.D.N.Y. Sept. 16, 2014) ....................................................................................... 10

*Yu Y. Ho v. Sim Enterprises, Inc.*, 11-cv-2855 (PKC), 2014 U.S. Dist. LEXIS 66408, 2014 WL 1998237 a (S.D.N.Y. May 14, 2014) ................................................................................ 10, 11

**Statutes**

29 U.S.C. §§ 203 (m), 203(t). ................................................................................................... 5

29 U.S.C. §203(m) .............................................................................................................. 5, 7

29 U.S.C. §203(t) ..................................................................................................................... 5

N.Y. Lab. Law § 198(1-a); ..................................................................................................... 10

**Other Authorities**

U.S. Department of Labor, Wage and Hour Division Fact Sheet #15: Tipped Employees Under the Fair Labor Standards Act (FLSA) (rev. Mar. 2011) ("DOL Fact Sheet #15"), available at http://www.dol.gov/whd/regs/compliance/whdfsl5.pdf ............................................................ 7

**Regulations**

12 N.Y.C.R.R. §146 .................................................................................................................. 1

12 N.Y.C.R.R. §146-1.3(a). ...................................................................................................... 8

12 N.Y.C.R.R. §146-1.4 ........................................................................................................... 2

12 N.Y.C.R.R. §146-3.1(a). ...................................................................................................... 1

12 N.Y.C.R.R. §146-3.1(b). ...................................................................................................... 2

12 N.Y.C.R.R. §146-3.5 ........................................................................................................... 2

12 NYCRR §146-2.2 ................................................................................................................ 8

12 NYCRR §146-2.9 ................................................................................................................ 8

12 NYCRR §146-3.4 ................................................................................................................ 8

29 C.F.R. §531.51 ................................................................................................................ 6, 7

Plaintiffs Valentin Tapia, Romulo Ricano Balderas and Eufemia Castillo, by their attorneys Michael Faillace & Associates, P.C., submit this pre-trial memorandum of law.

## PRELIMINARY STATEMENT

Plaintiffs have a clear-cut entitlement to judgment in this action. They regularly worked more than 40 hours per week, and at all times were paid fixed weekly salaries that did not compensate them at the minimum wage rate or overtime rate for their hours above 40 worked each week.

In this memorandum of law, Plaintiffs set out the method for calculating their damages given these violations of the FLSA and NYLL by Defendants.

Plaintiffs also will be entitled to recover liquidated damages under both the FLSA and NYLL, at all times when such damages are available.

## ARGUMENT

### I. PLAINTIFFS' DAMAGES

The evidence at trial will show that Plaintiffs were not paid on an hourly basis, but rather received a set weekly salary that did not vary based on the hours they worked. The following establishes the methodology behind the calculation of damages in this case.

The Hospitality Industry Wage Order, 12 N.Y.C.R.R. §146, effective January 1, 2011, governs how the hospitality industry's overtime damages are calculated. The Hospitality Industry Wage Order applies in this case. The term hospitality industry includes any restaurant. 12 N.Y.C.R.R. §146-3.1(a). As used in the Hospitality Industry Wage Order:

> The term restaurant includes any eating or drinking place that prepares and offers food or beverage for human consumption either on any of its premises or by such service as catering, banquet, box lunch, curb service or counter service to the public, to employees, or to members or guests of members, and services in

>    connection therewith or incidental thereto. The term restaurant
>    includes but is not limited to restaurant operations of other types of
>    establishments, restaurant concessions in any establishment and
>    concessions in restaurants.

12 N.Y.C.R.R. §146-3.1(b). Brick Lane Curry House is, by this and any other common definition, a restaurant. (Proposed Stipulation of Fact No. 3) Accordingly, the Hospitality Industry Wage Order applies after its effective date of January 1, 2011.

Under the Hospitality Industry Wage Order, "an employer shall pay an employee for overtime at a wage rate of $1^{1/2}$ times the employee's regular rate for hours worked in excess of 40 hours in one workweek." 12 N.Y.C.R.R. §146-1.4.

When an employee at a restaurant is not paid an hourly rate of pay, "the employee's regular hourly rate of pay shall be calculated by dividing the employee's total weekly earnings, not including exclusions from the regular rate, by the lesser of 40 hours or the actual number of hours worked by that employee during the work week." 12 N.Y.C.R.R. §146-3.5.

Accordingly, if Plaintiffs prove at trial that they were not paid an hourly rate of pay, but rather were paid on another basis, after January 1, 2011 their regular rate of pay should be determined by dividing their weekly wages by 40 hours. The overtime rate shall then be determined by multiplying the regular rate by 1.5, and the unpaid overtime pay is determined by multiplying the overtime rate by the number of hours above 40 Plaintiffs worked in the week.

Under the FLSA there is a rebuttable presumption that the salary is intended to cover 40 hours per week. Therefore, under the FLSA the regular rate should be determined by dividing the weekly salary rate by 40 hours, rather than by the number of hours actually worked, unless the parties intend and understand the weekly salary to include overtime hours at the premium rate. *Perez v. Platinum Plaza 400 Cleaners, Inc.*, Index No. 12-cv-9353 (PAC), 2015 U.S. Dist. LEXIS 54066, *6-*7 (S.D.N.Y. April 24, 2015); *Guallpa v. NY Pro Signs Inc.*, Index No. 11-cv-

3133(LGS), 2014 U.S. Dist. LEXIS 77033, *9-*10 (S.D.N.Y. May 27, 2014), *report and recommendation adopted sub nom. Guallpa v. NY Pro Signs Inc.*, No. 11-cv-3133 (LGS), 2014 U.S. Dist. LEXIS 116671, 2014 WL 4105948 (S.D.N.Y. Aug. 18, 2014); *Moon v. Kwon*, 248 F.Supp.2d 201, 207-08 (S.D.N.Y. 2002); *Giles v. City of New York*, 41 F.Supp.2d 308, 317 (S.D.N.Y. 1999); *Berrios v. Nicholas Zito Racing Stable, Inc.*, 849 F.Supp.2d 372, 385 (E.D.N.Y. 2012).

*Guallpa* is instructive. There, the plaintiff conceded that he entered into an agreement with his employer whereby the employer would pay him wages that would cover a sixty hour work week for one period, and a fifty-four hour work week for another period. *Guallpa*, 2014 U.S. Dist. LEXIS 77033, *9. However, the express agreement that the salary was intended to cover 60 or 54 hours per week did not rebut the presumption that the weekly salary covered only forty hours of work, because the agreement failed to comply with the FLSA and NYLL overtime pay requirements. *Id.*, *11-*12. Therefore, the Court presumed that the weekly salary covered only forty hours per week, and calculated the plaintiff's regular rate (and therefore the overtime damages owed) by dividing the plaintiff's weekly salary by 40 hours. *Id.* at *12-*14.

Here, there is no basis to find that the Plaintiffs and Brick Lane Curry House had an agreement or understanding as to the hours their weekly salaries were intended to cover. *See Perez*, 2015 U.S. Dist. LEXIS 54066, *-*7. Even if Defendants claim that they had an agreement with Plaintiffs whereby their weekly salary would cover all hours worked, such an agreement would not rebut the presumption that the weekly pay was intended to cover 40 hours per week. As in *Guallpa*, the Court should not allow a supposed agreement regarding pay to rebut the presumption that a weekly salary is intended to cover forty hours of work per week, if that

hypothetical agreement would not comply with the overtime provisions of the FLSA. *See Guallpa*, 2014 U.S. Dist. LEXIS 77033, *11-*12.

Plaintiffs were not paid sufficiently to comply with the overtime provisions of the FLSA. Additionally, as set out in Point II below, Defendants did not come close to satisfying the requirements to pay Plaintiffs at the tip-credit rate, for those Plaintiffs that worked as delivery workers. For example, if one assumes that Plaintiff Castillo worked the 52.5 hours per week in 2013 that she has testified to, in order to pay Plaintiff Castillo the minimum wage and overtime rates mandated by the FLSA, Defendants would have had to pay Plaintiff Castillo at least $425.94 per week.[1] Defendants paid Plaintiff Castillo less than that amount. (Castillo Dec. ¶¶11-19) Plaintiffs Tapia and Ricano were similarly underpaid. (Tapia Dec. ¶¶13-18; Ricano Dec. ¶¶13-18) Accordingly, under the FLSA, Defendants have not rebutted the presumption that the weekly salaries they paid the Plaintiffs were intended to cover 40 hours per week.

Defendants also cannot avail themselves of the defense that they paid Plaintiffs at a fixed salary for a fluctuating workweek. This method may not be employed unless five criteria are satisfied:

> (1)the employee's hours fluctuate from week to week; (2) the employee receives a fixed weekly salary which remains the same regardless of the number of hours the employee works during the week; (3) the fixed amount is sufficient to provide compensation at a regular rate not less than the legal minimum wage; (4) the employer and the employee have a clear mutual understanding that the employer will pay the employee a fixed salary regardless of the number of hours worked; and (5) the employee receives a fifty percent (50%) overtime premium in addition to the fixed weekly salary for all hours worked in excess of forty (40) during the week.

*O'Neill v. Mermaid Touring, Inc.*, 968 F.Supp.2d 572, 585-85 (S.D.N.Y. 2013) (quoting *Ayers v. SGS Control Servs., Inc.*, No. 03 Civ. 9078, 2007 U.S. Dist. LEXIS 76539, 2007 WL 3171342, at

---

[1] 40 hours x 7.25 per hour = $290.00. 12.5 hours x 10.875 per hour = $135.94. $290.00 + $135.94= 425.94.

4

*2 (S.D.N.Y. Oct. 9, 2007)). Here, factors (2), (4), and (5) are absent. While Plaintiffs maintain that they were paid fixed weekly salaries, the payroll provided by Defendants appears to discount the salary when one or more days of work was missed in a work week. Therefore, the salary changed if a day of work was missed. Additionally, there was not a clear mutual understanding that Plaintiffs would be paid a fixed weekly salary, as they did not in fact receive the same salary because their salary was reduced if they missed days of work. Finally, as shown above, the Plaintiffs did not receive the required 50% overtime premium. Accordingly, any argument for using the fluctuating work week method of calculating Plaintiffs' pay is meritless.

## II.     PLAINTIFFS WERE NOT LEGALLY PAID AT THE TIP-CREDIT RATE

Defendants may argue in their defense of the action that they were permitted to, and did, pay the delivery worker Plaintiffs at the permitted tip-credit rates under the FLSA and NYLL. Defendants' argument is misplaced.

### A. FLSA Tip-Credit Requirements

Under the FLSA, an employer may pay food service employees at a lower tip credit rate if the employee regularly receives more than $30 a month in tips. 29 U.S.C. §§ 203(m), 203(t). Such employees may be paid at a rate of $2.13 per hour, provided that when their tips are accounted for, they receive the minimum wage of $7.25 per hour. 29 U.S.C. §203(m); *Chhab v. Darden Rests., Inc.*, 2013 U.S. Dist. LEXIS 135926, *9 n. 4, 2013 WL 5308004 (S.D.N.Y. Sept. 20, 2013).

In order to avail itself of the tip-credit rate under the FLSA, an employer must advise the tipped employee that a tip credit will be applied, and the tipped employee must receive all tips to which he is entitled. *Tae Kim v. Kum Gang*, Index No. 12-cv-6344 (MHD), 2015 U.S. Dist. LEXIS

39095, *78-*79 (S.D.N.Y. Mar. 19, 2015); *Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 287 (S.D.N.Y. 2011).

Proper notice of the tip credit under the FLSA requires "at the very least[,] notice to employees of the employer's intention to treat tips as satisfying part of the employer's minimum wage obligations." *Copantitla*, 788 F. Supp. 2d at 287-288 (quoting *Martin v. Tango's Rest., Inc.*, 969 F.2d 1319, 1322 (1st Cir. 1992)). Before using the tip credit, an employer must inform the employee of:

> [t]he amount of the cash wage that is to be paid to the tipped employee by the employer; the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by the employer, which amount may not exceed the value of the tips actually received by the employee; that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly received tips; and that the tip credit shall not apply to any employee who has not been informed of these requirements in this section.

*Tae Kim v. Kum Gang*, Index No. 12-cv-6344 (MHD), 2015 U.S. Dist. LEXIS 39095, *79 (S.D.N.Y. Mar. 19, 2015) (quoting 29 C.F.R. §531.59(b)). Merely hanging a poster that informs employees of minimum wage obligations does not satisfy the requirement to give proper notice of an employer's intention to pay at the tip credit rate. *Copantitla*, 788 F. Supp. 2d at 289-290; *see also Marquez v. Erenler*, Index No. 12-cv-8580 (GHW), at p. 14 (S.D.N.Y. Oct. 22, 2014) ("The Court finds that these pre-printed forms are insufficient to meet defendants' notice obligations. . . Neither of these forms . . . purports to communicate whether or not [the restaurant] in particular intended to take advantage of the tip credit. They simply sketch out the general rule; they do not communicate concretely [the restaurant]'s intentions.") The "notice provision is strictly construed and normally required that an employer take affirmative steps to inform affected employees of the employer's intent to claim the tip credit." *Inclan v. New York Hospitality Grp., Inc.,* Index No.

12-cv-4498 (NRB), 2015 U.S. Dist. LEXIS 39342, *10-*11 (S.D.N.Y. Mar. 26, 2015) (quoting *Perez v. Lorraine Enters., Inc.*, 769 F.3d 23, 27 (1st Cir. 2014)). The employer "bear[s] the burden of showing that [it] satisfied the FLSA's notice requirement by, for example, providing employees with a copy of § 203(m) and informing them that their tips will be used as a credit against the minimum wage as permitted by law." *Id.*, 2015 U.S. Dist. LEXIS 39342, *11 (quoting *He v. Home on 8th Corp.*, No. 09 Civ. 5630, 2014 U.S. Dist. LEXIS 114605, 2014 WL 3974670, at *5 (S.D.N.Y. Aug. 13, 2014).

Here, the Defendants cannot show that they gave the delivery worker Plaintiffs the notice required to avail themselves of the FLSA's tip credit provisions. Plaintiffs testify that they were never notified that they were advised that their wages would be below minimum wage because they would be allowed to retain their tips, which would serve as a credit against the minimum wage. (Tapia Dec. ¶¶27-28; Ricano Dec. ¶¶27-28). There is no documentary evidence to the contrary.

Additionally, when an employee performs both tipped and non-tipped work, Department of Labor regulations "permit the employer to utilize the tip credit only for hours spent by the employee in the tipped occupation." *Chhab v. Darden Rests., Inc.*, 2013 U.S. Dist. LEXIS 135926, *9, 2013 WL 5308004 (S.D.N.Y. Sept. 20, 2013) (citing 29 C.F.R. §531.51). Furthermore, the Department of Labor has issued an opinion that "tipped employees who spend a substantial amount of time, or more than twenty percent of their workweeks, engaged in related but non-tip-producing work must be paid the full minimum wage for the time spent performing the non-tipped work." *Id.*, 2013 U.S. Dist. LEXIS 135926, at *10-11 (citing U.S. Department of Labor, Wage and Hour Division Fact Sheet #15: Tipped Employees Under the Fair Labor Standards Act (FLSA) (rev.

Mar. 2011) ("DOL Fact Sheet #15"), available at http://www.dol.gov/whd/regs/compliance/whdfsl5.pdf).

Plaintiffs' testimony establishes that they spent well above twenty percent of their workweek, doing non-tipped work, such as food preparation and cleaning. (Tapia Dec. ¶ 9; Ricano Dec. ¶ 9) This is yet another reason why Defendants could not pay Plaintiffs at the tip-credit rate under the FLSA.

### B. New York State Law Tip-Credit Requirement

New York law also allows an employer to pay an employee at a tip-credit rate. Since January 1, 2011, an employer has been permitted to pay a "service employee" at the rate of $5.65 per hour, and "food service workers" at the rate of $5.00 per hour. 12 N.Y.C.R.R. §146-1.3(a). Plaintiffs in this case are not "food service workers," as defined by the regulations. Plaintiffs worked as delivery workers in addition to their other non-service duties (Tapia Dec. ¶¶ 8-9, Ricano Dec. ¶ 8, 9), and delivery workers are specifically excluded from the definition of "food service workers." 12 N.Y.C.R.R. §146-3.4(a) ("The term *food service worker* shall not include delivery workers").

The employer must provide the employee written notice of the employee's hourly rate, overtime rate, and tip credit. 12 NYCRR §146-2.2. If an employee is not notified as required by 12 N.Y.C.R.R. §146-2.2, the employer is not allowed to pay employees at the lower tip credit rate. Plaintiffs were not provided with notice, written or otherwise, of their hourly rate, overtime rate, and tip credit. (Tapia Dec. ¶¶27-28; Ricano Dec. ¶¶27-28)

Under the NYLL, a restaurant employee is not a "service employee" and may not be paid at the lower tip credit rate if the employee is assigned to do work for which tips are not received for 2 hours or more or for more than 20 percent of her shift, whichever is less. 12 NYCRR §146-

3.3(c); *see also* 12 NYCRR §146-2.9. The evidence will show that the delivery worker Plaintiffs spent more than 20% of their workday doing work for which tips are not received. (Tapia Dec. ¶ 9; Ricano Dec. ¶ 9) Defendants therefore could not pay Plaintiffs at the tip-credit rate.

### III. PLAINTIFFS ARE ENTITLED TO LIQUIDATED DAMAGES UNDER BOTH FEDERAL AND NEW YORK LAW

Plaintiffs are entitled to recover liquidated damages under both federal and New York law. Both the FLSA and New York Labor Law provide for an award of liquidated damages unless the Defendants prove their violations were made in good faith. Because Defendants did not prove their violations were in good faith, Plaintiffs are entitled to liquidated damages.

Under the FLSA, once liability is established the employee is entitled to recover all unpaid minimum and overtime wages, as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). "Liquidated damages are not a penalty exacted by the law, but rather compensation to the employee occasioned by the delay in receiving wages due caused by the employer's violation of the FLSA." *McLean v. Garage Mgmt. Corp.*, 2012 U.S. Dist. LEXIS 55425, *12, 2012 WL 1358739 (S.D.N.Y. April 19, 2012) (quoting *Herman v. RSR Sec. Services Ltd.*, 172 F.3d 132, 142 (2d Cir. 1999)). The employer may escape liability for liquidated damages, if it can demonstrate that "it acted in subjective 'good faith' with objectively 'reasonable grounds' for believing that its acts or omissions did not violate the FLSA." *Barfield v. New York City Health and Hospitals Corp.*, 537 F.3d 132, 150 (2d Cir. 2008). The employer must establish its subject good faith and objective reasonableness by "plain and substantial evidence." *Solis v. Cindy's Total Care, Inc.*, 2012 U.S. Dist. LEXIS 1808, *74, 2012 WL 28141 (S.D.N.Y. Jan. 5, 2012) (quoting *Moon v. Kwon*, 248 F.Supp.2d 201, 234 (S.D.N.Y. 2002). "The employer bears the burden of proving good faith and reasonableness, but the burden is a difficult one, with double damages

being the norm and single damages the exception." *McLean*, 2012 U.S. Dist. LEXIS 55425, *13 (quoting *Herman*, 172 F.3d at 142). "To establish the requisite subjective good faith, an employer must show that it took active steps to ascertain the dictates of the FLSA and then act to comply with them." *Id.* (quoting *Barfield*, 537 F.3d at 150.

Similarly, under the New York Labor Law, an employee is entitled to recover liquidated damages unless the employer proves a good faith basis for having failed to pay the required wages. N.Y. Lab. Law § 198(1-a); *Hart v. Rick's Cabaret*, 2013 U.S. Dist. LEXIS 129130, *88-89, 2013 WL 4822199 (S.D.N.Y. Sept. 10, 2013). Since April 9, 2011, the amount of liquidated damages for unpaid wages under the New York Labor Law is 100%. N.Y. Lab. Law § 198(1-a).

While liquidated damages under the FLSA are compensatory, liquidated damages under the NYLL "constitute a penalty to deter an employer's willful withholding of wages due." *Reilly v. Natwest Markets Grp. Inc.*, 181 F.3d 253, 265 (2d Cir. 1999) (quoting *Carter v. Frito–Lay, Inc.*, N.Y.S.2d 115, 116 (1st Dep't 1980), *aff'd.,* 438 N.Y.S.2d 80 (1981)). Because each statute's liquidated damages provision serves a different purpose, "plaintiff[s] may recover under both statutes without obtaining an impermissible double recovery." *Lanzetta v. Florio's Enterprises, Inc.*, 08-cv-6181 (DC), 2011 WL 3209521, at *5 (S.D.N.Y. July 27, 2011) (analogizing to discrimination cases, where plaintiffs may seek different types of damages under multiple statutes to obtain the greatest possible relief); *see also Kim,* 2015 U.S. Dist. LEXIS 39095, *94-*95 (adopting majority approach in Second Circuit and awarding liquidated damages under both statutes); *Tackie v. Keff Enterprises LLC*, 14-cv-2074 (JPO), 2014 U.S. Dist. LEXIS 130148, *11, 2014 WL 4626229, at *5 (S.D.N.Y. Sept. 16, 2014) (noting that allowing recovery under both statutes is the majority approach in the Second Circuit); *Yu Y. Ho v. Sim Enterprises, Inc.*, 11-cv-2855 (PKC), 2014 U.S. Dist. LEXIS 66408, *47-*51, 2014 WL 1998237 at *18-19 (S.D.N.Y. May

14, 2014) (noting double recovery is the majority approach in the Second Circuit and collecting cases).

Accordingly, Plaintiffs are entitled to recover liquidated damages under both the FLSA and NYLL.

## CONCLUSION

Wherefore, it is respectfully requested that Plaintiffs be granted judgment against Defendants, as set out in Plaintiffs' proposed findings of fact and conclusions of law submitted herewith.

Dated: New York, NY
November 20, 2015

                                              MICHAEL FAILLACE & ASSOCIATES, P.C.
                                              *Attorneys for Plaintiffs*

                                              By: ____/s/ Raquel A. Gutiérrez____
                                              Raquel A. Gutiérrez
                                              Joshua Androphy
                                              60 East 42nd Street, Suite 2540
                                              New York, New York 10165
                                              (212) 317-1200
                                              rgutierrez@faillacelaw.com