**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
VALENTIN TAPIA, ROMULO RICANO
BALDERAS, and EUFEMIA CASTILLO,
*individually and on behalf of others similarly*     **Index No. 14-cv-8529 (AJN)**
*situated,*

                         *Plaintiffs*,

       -against-

BLCH 3RD AVE. LLC. (d/b/a BRICK LANE
CURRY HOUSE), AJIT BAINS and
SATINDER SHARMA,

                         *Defendants*.
-----------------------------------------------------X

## PLAINTIFFS' POST-TRIAL MEMORANDUM OF LAW

                                                 MICHAEL FAILLACE & ASSOCIATES, P.C.
                                                 Raquel A. Gutiérrez
                                                 Shawn R. Clark, Esq.
                                                 60 East 42nd Street, Suite 2540
                                                 New York, New York 10165
                                                 (212) 317-1200
                                                 *Attorneys for Plaintiffs*

Table of Contents

**Preliminary Statement**..............................................................................................................1

**Argument**..................................................................................................................................2

   I.    THE COURT HAS SUBJECT MATTER JURISDICTION OF THIS MATER .............2

   II.   DEFENDANTS WERE REQUIRED TO PAY PLAINFFS AT THE MINIMUM
        WAGE RATE ...................................................................................................................2

        A.  FLSA Tip-Credit Requirements ...........................................................................2

        B.  New York State Law Tip-Credit Requirements ........................................................4

              a. Plaintiffs Tapia and Ricano ..............................................................4

        C.  DEFENDANTS DID NOT PROVIDE WAGE NOTICES TO PLAINTIFFS..........5

   III.  PLAINTIFFS WERE NOT COMPENSATED FOR ALL HOURS WORKED, IN
         VIOLATION OF THE MINIMUM WAGE AND OVERTIME PROVISIONS OF
         THE FLSA AND NYLL ..................................................................................................7

   IV.  DEFENDANTS VIOLATED THE NYLL "SPREAD OF HOURS" PAY
         PROVISION......................................................................................................................9

   V.   DEFENDANTS VIOLATED THE WAGE NOTICE AND WAGE STATEMENT
         PROVISIONS OF THE NYLL .......................................................................................9

   VI.  BLCH 3RD AVE. LLC. AND SATINDER SHARMA WERE EMPLOYERS OF
         PLAINTIFFS .................................................................................................................10

   VII. PLAINTIFFS ARE ENTITLED TO LIQUIDATED DAMAGES UNDER THE FLSA
         AND NYLL, AND A THREE YEAR STATUTE OF LIMITATIONS UNDER THE
         FLSA ...............................................................................................................................12

        A.  Liquidated Damages ............................................................................................13

        B.  Statute of Limitations ..........................................................................................15

**Conclusion** ..............................................................................................................................16

## Table of Authorities

**Cases**

*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946) ............................................................ 8

*Barfield v. NYC Health & Hosps. Corp.*, 537 F.3d 132 (2d Cir. 2008) .................................... 11, 13

*Berrios v. Nicholas Zito Racing Stable, Inc.*, 849 F.Supp.2d 372 (E.D.N.Y. 2012) ...................... 7

*Carter v. Dutchess Community College*, 735 F.2d 8 (2d Cir. 1984) ....................................... 10, 11

*Chhab v. Darden Rests., Inc.*, 2013 U.S. Dist. LEXIS 135926, 2013 WL 5308004 (S.D.N.Y. Sept. 20, 2013) ................................................................................................................ 3, 5

*Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253 (S.D.N.Y. 2011) ............................. 5

*Giles v. City of New York*, 41 F.Supp.2d 308 (S.D.N.Y. 1999) ..................................................... 7

*Guallpa v. NY Pro Signs Inc.*, Index No. 11-cv-3133(LGS), 2014 U.S. Dist. LEXIS 77033 (S.D.N.Y. May 27, 2014) ............................................................................................................. 7

*Hart v. Rick's Cabaret Int'l, Inc.*, 967 F.Supp.2d 901 (S.D.N.Y. 2013) ................................ 12, 14

*Herman v. RSR Sec. Services Ltd.*, 172 F.3d 132 (2d Cir. 1999) ............................................ 11, 13

*Ho v. Sim Enters.*, 2014 U.S. Dist. LEXIS 66408 (S.D.N.Y. May 14, 2014) .............................. 12

*Irizarry v. Catsimatidis*, 722 F.3d 99 (2d Cir. 2013) ......................................................... 10, 11, 12

*Kuebel v. Black & Decker, Inc.*, 643 F.3d 352 (2d Cir. 2011) ....................................................... 8

*Martin v. Tango's Rest., Inc.,* 969 F.2d 1319 (1st Cir. 1992) .......................................................... 6

*McLaughlin v. Richland Shoe Co.,* 486 U.S. 128 (1988)). ........................................................... 15

*McLean v. Garage Mgmt. Corp.*, 2012 U.S. Dist. LEXIS 55425, 2012 WL 1358739 (S.D.N.Y. April 19, 2012) .................................................................................................... 13, 14

*Merino v. Beverage Plus Am. Corp.*, 2012 U.S. Dist. LEXIS 140679, 2012 WL 4468182, (S.D.N.Y. Sept. 25, 2012) ........................................................................................................... 14

*Moon v. Kwon*, 248 F.Supp.2d 201 (S.D.N.Y. 2002) ............................................................... 7, 13

*Solis v. Cindy's Total Care, Inc.*, 2012 U.S. Dist. LEXIS 1808, 2012 WL 28141 (S.D.N.Y. Jan. 5, 2012) ................................................................................................................................. 13

*Tony & Susan Alamo Found v. Sec'y of Labor*, 471 U.S. 290 (1985) ......................................... 10

**Statutes**

28 U.S.C. § 1331 ............................................................................................................................. 2

28 U.S.C. § 1337 ............................................................................................................................. 2

28 U.S.C. § 1367 ............................................................................................................................. 2

29 U.S.C. §203 ..................................................................................................................... 2, 3, 10

29 U.S.C. § 207 ............................................................................................................................... 7

29 U.S.C. § 216(b) .................................................................................................................. 2, 13
29 U.S.C. §255 ........................................................................................................................ 2, 15
N.Y.L.L. §195 ........................................................................................................................... 1, 9
N.Y.L.L. §198. .......................................................................................................................... 9, 10
N.Y.L.L. §663 ............................................................................................................................... 14

**Other Authorities**

U.S. Department of Labor, Wage and Hour Division Fact Sheet #15: Tipped Employees Under
  the Fair Labor Standards Act (FLSA) (rev. July 2013) ("DOL Fact Sheet #15"), available at
  http://www.dol.gov/whd/regs/compliance/whdfs15.pdf ............................................................. 6

U.S. Department of Labor, Wage and Hour Division Fact Sheet #15: Tipped Employees Under
  the Fair Labor Standards Act (FLSA) (rev. Mar. 2011) ("DOL Fact Sheet #15"), available at
  http://www.dol.gov/whd/regs/compliance/whdfsl5.pdf ............................................................. 3

**Regulations**

12 NYCRR §137-1.3 ..................................................................................................................... 7
12 NYCRR §146-1.3(b). ............................................................................................................... 4
12 NYCRR §146-1.4 ..................................................................................................................... 7
12 NYCRR §146-1.6 ..................................................................................................................... 9
12 NYCRR §146-2.2 .................................................................................................................. 4, 6
12 NYCRR §146-2.9 .................................................................................................................. 4, 5
12 NYCRR §146-3.4 .................................................................................................................. 4, 5
12 NYCRR §146-3.5(b) .............................................................................................................. 7, 8
29 C.F.R. §§531.50, *et seq.* .......................................................................................................... 6
29 C.F.R. §531.51 ...................................................................................................................... 3, 5

Plaintiffs Valentin Tapia, Romulo Ricano Balderas, and Eufemia Castillo, by their attorneys Michael Faillace & Associates, P.C., submit this post-trial memorandum of law.

## PRELIMINARY STATEMENT

Based on the testimony and evidence at trial, the Court should reach the following conclusions:

- The Court has subject matter jurisdiction of this action.

- The claims arising under New York law are so related to the Fair Labor Standards Act ("FLSA") claims that they form part of the same case or controversy, and are therefore within the supplemental jurisdiction of the court

- Plaintiffs were not eligible to be paid at a lower tip-credit minimum wage rate, under the FLSA and New York Labor Law ("NYLL").

- Defendants did not provide adequate notice to employees of its intention to pay them at a tip-credit minimum wage rate, and therefore it was unlawful under the FLSA and NYLL to pay Plaintiffs at a lower tip-credit minimum wage rate.

- Throughout Plaintiffs' employment, Defendants failed to pay all Plaintiffs spread of hours pay on days when their spread of hours worked exceeded 10 hours, in violation of the NYLL.

- Defendants did not provide Plaintiffs with adequate wage notices, in violation of NYLL §195(1).

- Defendants did not provide Plaintiffs with accurate wage statements, in violation of NYLL §195(3).

- BLCH 3rd Ave. LLC. (d/b/a Brick Lane Curry House) and Satinder Sharma were employers of Plaintiffs under the FLSA and NYLL.

- Defendants acted willfully under the meaning of 29 U.S.C. §255, and as a result, a three-year statute of limitations applies to Plaintiffs' claims.

- Defendants' actions were not in good faith, and therefore Plaintiffs are entitled to liquidated damages under the FLSA and NYLL.

## ARGUMENT

### I. THE COURT HAS SUBJECTMATTER JURISDICTION OF THIS ACTION

The court has subject matter jurisdiction of this action. 29 U.S.C. § 216(b), 28 U.S.C. § 1337 and 28 U.S.C. § 1331. The claims arising under New York law are so related to the FLSA claims that they form part of the same case or controversy, and are therefore within the supplemental jurisdiction of the court. 28 U.S.C. § 1367.

Corporate Defendant BLCH 3RD AVE. LLC. (d/b/a Brick Lane Curry House) is an enterprise engaged in commerce or in the production of goods in commerce within the meaning of the FLSA because its employees handle and work on goods and materials that have been moved in and produced for commerce, and they have annual gross sales of $500,000 or more. (Plaintiffs' Proposed Findings of Fact ("PPFF") ¶¶ 1-3, 5, 8-9)

### II. DEFENDANTS WERE REQUIRED TO PAY PLAINTIFFS AT THE MINIMUM WAGE RATE

Both the FLSA and New York Labor Law require an employer to pay an employee a minimum wage. Both laws allow an employer to pay an employee at a lower "tip-credit" rate if certain conditions are met.

    A. <u>FLSA Tip-Credit Requirements</u>

Under the FLSA, an employer may pay food service employees at a lower tip credit rate if the employee regularly receives more than $30 a month in tips. 29 U.S.C. §§ 203 (m), 203(t).

Such employees may be paid at a rate of $2.13 per hour, provided that when their tips are accounted for, they receive the minimum wage of $7.25 per hour.  29 U.S.C. §203(m); *Chhab v. Darden Rests., Inc.*, 2013 U.S. Dist. LEXIS 135926, *9 n. 4, 2013 WL 5308004 (S.D.N.Y. Sept. 20, 2013).

In determining whether an employee is one who customarily and regularly receives tips, the court must determine "whether the employee's job is historically a tipped occupation and whether he has more than 'de minimis' interaction with customers as a part of his employment." *Chhab*, 2013 U.S. Dist. LEXIS 135926, at *18.  Courts in this district have generally drawn a line between back-of-the-house restaurant staff because they do not interact with customers, and employees who provide direct service to customers such as servers, hosts, and bussers. *Id.*, 2013 U.S. Dist. LEXIS 135926, at *18-19.

Additionally, when an employee performs both tipped and non-tipped work, Department of Labor regulations "permit the employer to utilize the tip credit only for hours spent by the employee in the tipped occupation." *Chhab*, 2013 U.S. Dist. LEXIS 135926, at *9 (citing 29 C.F.R. §531.51).  Furthermore, the Department of Labor has issued an opinion that "tipped employees who spend a substantial amount of time, or more than twenty percent of their workweeks, engaged in related but non-tip-producing work must be paid the full minimum wage for the time spent performing the non-tipped work." *Id.*, 2013 U.S. Dist. LEXIS 135926, at *10-11 (citing U.S. Department of Labor, Wage and Hour Division Fact Sheet #15: Tipped Employees Under the Fair Labor Standards Act (FLSA) (rev. Mar. 2011) ("DOL Fact Sheet #15"), available at http://www.dol.gov/whd/regs/compliance/whdfsl5.pdf).

The evidence presented at trial in this matter shows that when Plaintiffs Tapia and Ricano worked as delivery workers, they spent over 20 percent of their time doing non-tipped work, and could not be paid at a lower tip-credit rate. Additionally, any argument that they were properly

3

paid a tip credit rate should be discredited, because these Plaintiffs were not paid an hourly rate and instead were paid a fixed weekly salary.

### B. New York State Law Tip-Credit Requirement

New York law also allows an employer to pay an employee at a tip-credit rate. A delivery worker must receive a wage of at least $5.65 per hour, and prior to 2015 the total of tips and wages must have equaled or exceeded $7.25 per hour. N.Y. Comp. Code R. & Regs. tit. 12, §142-2.1(a) (2013); 12 NYCRR § 146-1.3.

The employer must provide the employee written notice of the employee's hourly rate, overtime rate, and tip credit. 12 NYCRR §146-2.2. The notice must be in both English and in any other language spoken by the employee as his primary language. 12 NYCRR §146-2.2(a). If an employee is not notified as required by 12 NYCRR §146-2.2, the employer is not allowed to pay employees at the lower tip credit rate.

Under the NYLL, a restaurant employee is not a "food service worker" and may not be paid at the lower tip credit rate if the employee is assigned to do work for which tips are not received for 2 hours or more or for more than 20 percent of her shift, whichever is less. 12 NYCRR §146-3.4; *see also* 12 NYCRR §146-2.9.

The evidence at trial established that the delivery worker Plaintiffs worked for more than 2 hours per day doing non-tipped work and are therefore not eligible to be paid at a lower tip-credit rate. Additionally, they were never notified that tips would count toward their hourly rate, and in fact were not paid by the hour but were paid weekly salaries.

#### a. Plaintiffs Valentin Tapia and Romulo Ricano Balderas

Defendants hired Plaintiff Valentin Tapia ("Plaintiff Tapia") and Plaintiff Romulo Ricano Balderas ("Plaintiff Ricano") to ostensibly work as delivery workers (PPFF ¶¶ 11, 29). However,

4

they each spent approximately six (6) hours per work day completing non-tipped tasks unrelated to delivery work including but not limited to various restaurant duties such cleaning and cutting chicken and lamb; sweeping and mopping the entire restaurant; cutting cilantro; cutting onions; replacing food containers in the refrigerators; washing pans and pots; dishwashing; cleaning the basement with Clorox, soap, and brushes; cleaning the grills and stovetops; taking out the garbage; cleaning filters; ripping apart cardboard boxes and tying them up; carrying down and stocking vegetables, pork, sodas, milk, chicken and other food items in the basement; bringing up food and other items from the basement for the kitchen staff; and washing the sidewalk. (PPFF ¶¶ 12, 30)

Because these Plaintiffs spent at least 20 percent or 2 hours of each work day performing non-tipped work, they were required to be compensated at the full minimum wage rate under the NYLL.  12 NYCRR §146-3.4; *see also* 12 NYCRR §146-2.9.  Under the FLSA, Defendants were required to pay the Plaintiffs at the full minimum wage rate for the portions of their shift that they did non-tipped work described above. *Chhab*, 2013 U.S. Dist. LEXIS 135926, at *9 (citing 29 C.F.R. §531.51) (Department of Labor regulations "permit the employer to utilize the tip credit only for hours spent by the employee in the tipped occupation").

### C. Defendants Did Not Provide Wage Notices to Plaintiffs

Defendants did not provide Plaintiffs with notice, as required by the FLSA and NYLL, either that they would be paid the minimum wage or that they would be paid at the lower tip-credit minimum wage rate.  Accordingly, any argument by Defendants that Plaintiffs were paid at the tip-credit rate should be discredited.

The FLSA includes strict notice requirements before an employee can be paid at the tip-credit rate.  Proper notice requires "at the very least[,] notice to employees of the employer's intention to treat tips as satisfying part of the employer's minimum wage obligations." *Copantitla*

5

*v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 287-288 (S.D.N.Y. 2011) (quoting *Martin v. Tango's Rest., Inc.,* 969 F.2d 1319, 1322 (1st Cir. 1992)). Before using the tip credit, an employer must inform the employee of (1) the amount of cash wage the employer is paying the employee, (2) the amount they claim as a tip credit, (3) that the tip credit cannot exceed the amount if tips actually received by the employee, (4) the tips received by the employee are to be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and (5) that the tip credit will not apply to a tipped employee unless he she has been informed of these tip credit provisions. U.S. Department of Labor, Wage and Hour Division Fact Sheet #15: Tipped Employees Under the Fair Labor Standards Act (FLSA) (rev. July 2013) ("DOL Fact Sheet #15"), available at http://www.dol.gov/whd/regs/compliance/whdfs15.pdf. *See also* 29 C.F.R. §§531.50, *et seq.*

Likewise, under the NYLL, an employer must provide the employee written notice of the employee's hourly rate, overtime rate, and tip credit. 12 NYCRR §146-2.2. The notice must be in both English and in any other language spoken by the employee as his primary language. 12 NYCRR §146-2.2(a). If an employee is not notified as required by 12 NYCRR §146-2.2, the employer is not allowed to pay employees at the lower tip credit rate.

The evidence at trial showed that Plaintiffs did not receive any notice regarding their pay rate. (PPFF ¶¶ 23, 26, 40, 43, 61) Instead, Plaintiffs received weekly cash salaries that did not reflect an hourly rate. (PPFF ¶¶ 16, 17, 34, 35, 51-54) Because Defendants did not provide Plaintiffs with proper notice under the FLSA and NYLL that Plaintiffs' tips would be used as a credit allowing Defendants to pay them below minimum wage, it was unlawful for Defendants to pay Plaintiffs below the regular minimum wage rate. Any argument that purports to support that

the salary Plaintiffs earned corresponds to an hourly rate is not supported by any evidence before the Court and should be discredited entirely.

Defendants failed to give Plaintiffs proper notice regarding their wages and required the delivery worker Plaintiffs to spend approximately six (6) hours per day performing non-tipped work. Defendants therefore did not pay the proper minimum wage rate to Plaintiffs and violated the FLSA and NYLL minimum wage provisions.

### III.  PLAINTIFFS WERE NOT COMPENSATED FOR ALL HOURS WORKED, IN VIOLATION OF THE MINIMUM WAGE AND OVERTIME PROVSIONS OF THE FLSA AND NYLL

Under both the FLSA and NYLL, an employee must be paid a minimum wage for all hours worked.  29 U.S.C. §206; N.Y. Lab. Law §652.  Also under both the FLSA and NYLL, an employee must be paid at the rate of one and one-half times the employee's regular hourly rate for each hour the employee works in excess of 40 hours in a given workweek.  29 U.S.C. § 207(2)(C); 12 NYCRR § 146-1.4; 12 NYCRR §137-1.3.  Where an employee receives a straight weekly salary, there is a rebuttable presumption that the salary covers forty (40) hours worked.  Therefore, to determine the regular rate, the weekly salary is divided by 40 hours.  *Guallpa v. NY Pro Signs Inc.*, Index No. 11-cv-3133(LGS), 2014 U.S. Dist. LEXIS 77033, *9-*10 (S.D.N.Y. May 27, 2014); *Moon v. Kwon*, 248 F.Supp.2d 201, 207-08 (S.D.N.Y. 2002); *Giles v. City of New York*, 41 F.Supp.2d 308, 317 (S.D.N.Y. 1999); *Berrios v. Nicholas Zito Racing Stable, Inc.*, 849 F.Supp.2d 372, 385 (E.D.N.Y. 2012). Under New York law, if an employee in the restaurant industry is not paid an hourly rate, "the employee's regular rate of hourly pay shall be calculated by dividing the employee's total weekly earnings . . . by the lesser of 40 hours or the actual number of hours worked by that employee during the work week."  12 NYCRR §146-3.5(b).

The evidence at trial showed that Plaintiffs were paid below the minimum and overtime wage rate. Defendants did not employ any method of tracking the hours Plaintiffs worked. (PPFF ¶¶ 27, 44, 62) According to Plaintiffs' testimony, Defendants paid Plaintiffs fixed salaries on a weekly basis. (PPFF ¶¶ 15-19, 33-37, 50-55) Defendants' documents support that Plaintiffs were not paid on an hourly basis and were instead paid a salary on a weekly basis. (PPFF ¶¶ 16, 37, 51) Plaintiffs' salaries, therefore, should be divided by forty to determine their regular rate of pay pursuant to 12 NYCRR §146-3.5(b).

Defendants have not presented any evidence that the Plaintiffs were in fact paid on an hourly basis. The only evidence before the Court, therefore, is that the Plaintiffs received weekly salaries that did not correspond to any hourly timekeeping.

Plaintiffs' recollections of the hours they worked should be accepted. Where an employer does not maintain records of the hours employees worked, a plaintiff may meet his burden of proving the number of hours he worked "through estimates based on his own recollection." *Kuebel v. Black & Decker, Inc.*, 643 F.3d 352, 362 (2d Cir. 2011). "The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negat[e] the reasonableness of the inference to be drawn from the employee's evidence." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946). Plaintiffs met their burden to prove the number of hours they typically worked during their employment with Defendants. (PPFF ¶¶ 14, 32, 48-49). Defendants, on the other hand have not presented any evidence of Plaintiffs' actual hours worked and have therefore, not met their burden of proving that Plaintiffs worked different hours, nor have they negated the reasonableness of the Plaintiffs' testimony. In fact, Defendants' attempts to negate the reasonableness of Plaintiff Eufemia Castillo's ("Plaintiff Castillo") hours worked failed. Defendants intended to present evidence of Plaintiff Castillo's infirmity and

inability to work, and instead confirmed that during a doctor's visit that Defendants sponsored, Plaintiff Castillo was given a clean bill of health, confirming she did not have any problems working the work hours she has alleged in this matter. (PPFF ¶ 63)

Defendants have not reasonably rebutted Plaintiffs' testimony of their hours worked. As such, Plaintiffs' recollections of the hours they worked should be accepted.

### IV. DEFENDANT VIOLATED THE NYLL "SPREAD OF HOURS" PAY PROVISION

Separate from any other regular or overtime wages, under the NYLL when an employee works more than ten (10) hours on any given day, the employee is entitled to receive "spread of hours" pay, which is an additional one-hour's pay at the applicable minimum wage rate. 12 NYCRR § 146-1.6. Spread-of-hours pay is excluded from the regular rate for the purposes of calculating overtime pay. 12 NYCRR § 146-1.6(c).

Defendants regularly failed to pay Plaintiffs spread of hours pay when their workday exceeded an interval of ten or more hours and are liable to Plaintiffs for this violation. (PPFF ¶¶ 22, 39, 58)

### V. DEFENDANTS VIOLATED THE WAGE NOTICE AND WAGE STATEMENT PROVISIONS OF THE NYLL

Under the NYLL, employers must provide employees with wage and hour notices. NYLL §195(1)(a). Specifically, the notices must inform the employee, in both English and the employee's primary language, of the rate of pay. Employees must be provided such notices at the time of hiring and on or before February first of each subsequent year of employment. *Id.* An employee who does not receive such notices can recover damages of $50 per week, up to a statutory maximum of $2,500. NYLL §198(1-b).

Similarly, employers are also required to provide wage statements with each payment of wages, which must include, among other things, the rate of pay and basis thereof, and "allowances,

9

if any, claimed as part of the minimum wage." NYLL §195(3). An employee who does not receive such statements can recover $100 per week of violation, up to a maximum of $2,500. NYLL §198(1-d).

Plaintiffs are entitled to damages for violations of the notice provision. Plaintiffs were never given notices of their rate of pay during their employment with Defendants. (PPFF ¶¶ 26, 43, 61)

Plaintiffs also have claims for violations of the wage statement provisions. Plaintiffs were paid weekly cash salaries that were not accompanied with any statement of wages. (PPFF ¶¶ 15, 24, 33, 41, 50, 59)

## VI. BLCH 3rd AVE. LLC AND SATINDER SHARMA WERE EMPLOYERS OF PLAINTIFFS

BLCH 3RD Ave. LLC and Satinder Sharma were employers of the Plaintiffs, and are liable jointly and individually to Plaintiffs for any violations of the FLSA and NYLL.

Under the FLSA, employer is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. §203(d). "The Supreme Court has recognized that `broad coverage [under the FLSA] is essential to accomplish the [statute's] goal of outlawing from interstate commerce goods produced under conditions that fall below minimum standards of decency." *Irizarry v. Catsimatidis*, 722 F.3d 99, 103 (2d Cir. 2013) (citing *Tony & Susan Alamo Found v. Sec'y of Labor*, 471 U.S. 290, 296 (1985)). Accordingly, the Supreme Court has "consistently construed the Act liberally to apply to the furthest reaches consistent with congressional direction." *Id.* The determination of whether an employer-employee relationship exists under FLSA is based on an "economic reality" test taking account of the totality of the circumstances. *Id.* at 104.

In *Carter v. Dutchess Community College*, 735 F.2d 8 (2d Cir. 1984), the Second Circuit identified four factors for determining the `economic reality' of a putative employment relationship: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Barfield v. NYC Health & Hosps. Corp.*, 537 F.3d, 132, 142 (2d Cir. 2008) (quoting *Carter*, 735 F.2d at 12). These factors do not constitute "a rigid rule for the identification of a FLSA employer," but rather "provide a nonexclusive and overlapping set of factors to ensure that the economic realities test mandated by the Supreme Court is sufficiently comprehensive and flexible to give proper effect to the broad language of the FLSA." *Id.* at 143.

In addition to these four factors, courts must also consider "other factors bearing upon the overarching concern of whether the alleged employer possessed the power to control the workers in question." *Irizarry* 722 F.3d at 105 (citing *RSR Sec. Servs.*, 172 F.3d at 139). Most importantly, the court must consider whether the individual possessed "operational control." *Id.* at 109. "A person exercises operational control over employees if his or her role within the company, and the decisions it entails, directly affect the nature or conditions of the employees' employment." *Id.* at 110.

BLCH 3rd Ave. LLC was an employer of Plaintiffs under the FLSA. Plaintiffs were considered employees who reported to work at the restaurant, took orders from managers and staff of BLCH 3rd Ave. LLC and did not exercise any independent discretion or judgment in their job duties. BLCH 3rd Ave. LLC's agents hired Plaintiffs, decided what their pay would be and maintained payment records for its employees (PPFF ¶¶ 4, 7, 10-12, 25, 28-30, 42, 45-46, 60) Accordingly, the Court should find that BLCH 3rd Ave. LLC qualifies as an employer of Plaintiffs.

Additionally, Satinder Sharma was an individual employer of Plaintiffs under the FLSA. The testimony and evidence at trial proved that Satinder Sharma, among other things, (1) gave directions to employees, including the Plaintiffs and other employees, on a regular basis; (2) was physically at Brick Lane Curry House every day it was open, (3) is involved in deciding when and whether Brick Lane Curry House will hire additional employees, (4) was involved in reviewing payroll records, (5) is viewed by employees as a boss, (6) is co-owner and 50% shareholder of BLCH 3rd Ave. LLC, the corporation that operates Brick Lane Curry House. (PPFF ¶¶ 6, 7)

These factors taken together show that the economic reality is that Satinder Sharma is an individual employer under the FLSA. He was deeply involved in the business and its operations. He was involved in the hiring and firing of managers. He supervised or controlled employee schedules, in that he would review the restaurants records on his visits. Mr. Sharma also gave instructions to the staff on his daily visits, including vising the kitchen, giving instructions on food preparation, and instructing the staff to clean and organize inside the restaurant. He also, from a practical standpoint is a 50% shareholder and controls the company financially. (PPFF ¶¶ 7)

While the question of whether the same test for employer status applies under the NYLL was left open by the 2nd Circuit in *Irizarry*, *id.* at 117-118, "district courts in this Circuit have consistently interpreted the definition of `employer' under the New York Labor Law coextensively with the definition used by the FLSA." *Ho v. Sim Enters.*, 2014 U.S. Dist. LEXIS 66408, *26 (S.D.N.Y. May 14, 2014); *see also Hart v. Rick's Cabaret Int'l, Inc.*, 967 F.Supp.2d 901, 940 (S.D.N.Y. 2013).

BLCH 3rd Ave. LLC. was an employer and Satinder Sharma was an individual employer of Plaintiffs under the broad and inclusive coverage contemplated by the FLSA and NYLL.

## VII. PLAINTIFFS ARE ENTITLED TO LIQUIDATED DAMAGES UNDER BOTH FEDERAL AND NEW YORK LAW, AND A THREE YEAR STATUTE OF LIMITATIONS UNDER THE FLSA

### A. Liquidated Damages

Plaintiffs are entitled to recover liquidated damages under both federal and New York law. Both the FLSA and New York Labor Law provide for an award of liquidated damages unless the Defendants prove their violations were made in good faith. Because Defendants did not prove their violations were in good faith, Plaintiffs are entitled to liquidated damages.

Under the FLSA, once liability is established the employee is entitled to recover all unpaid minimum and overtime wages, as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). "Liquidated damages are not a penalty exacted by the law, but rather compensation to the employee occasioned by the delay in receiving wages due caused by the employer's violation of the FLSA." *McLean v. Garage Mgmt. Corp.*, 2012 U.S. Dist. LEXIS 55425, *12, 2012 WL 1358739 (S.D.N.Y. April 19, 2012) (quoting *Herman v. RSR Sec. Services Ltd.*, 172 F.3d 132, 142 (2d Cir. 1999)). The employer may escape liability for liquidated damages, if it can demonstrate that "it acted in subjective 'good faith' with objectively 'reasonable grounds' for believing that its acts or omissions did not violate the FLSA." *Barfield v. New York City Health and Hospitals Corp.,* 537 F.3d 132, 150 (2d Cir. 2008). The employer must establish its subjective good faith and objective reasonableness by "plain and substantial evidence." *Solis v. Cindy's Total Care, Inc.*, 2012 U.S. Dist. LEXIS 1808, *74, 2012 WL 28141 (S.D.N.Y. Jan. 5, 2012) (quoting *Moon v. Kwon*, 248 F.Supp.2d 201, 234 (S.D.N.Y. 2002). "The employer bears the burden of proving good faith and reasonableness, but the burden is a difficult one, with double damages being the norm and single damages the exception." *McLean*, 2012 U.S. Dist. LEXIS 55425, *13

13

(quoting *Herman*, 172 F.3d at 142). "To establish the requisite subjective good faith, an employer must show that it took active steps to ascertain the dictates of the FLSA and then act to comply with them." *Id.* (quoting *Barfield*, 537 F.3d at 150).

Similarly, under the New York Labor Law, an employee is entitled to recover liquidated damages unless the employer proves a good faith basis for having failed to pay the required wages. N.Y.L.L. §663(1); *Hart*, 967 F.Supp.2d at 936-37. For April 9, 2011 forward, liquidated damages are awarded at 100%. N.Y.L.L. §663(1).

A plaintiff may recover both FLSA and NYLL liquidated damages for overlapping periods of time. *See, e.g.*, *Ho*, 2014 U.S. Dist. LEXIS 66408 at *47-*51 ("This Court adopts the rationale followed by the majority of district courts in this Circuit and concludes that plaintiffs may recover liquidated damages under both FLSA and the NYLL"); *Merino v. Beverage Plus Am. Corp.*, 2012 U.S. Dist. LEXIS 140679, *8, 2012 WL 4468182 (S.D.N.Y. Sept. 25, 2012) ("Most courts in this Circuit hold that a plaintiff may recover both forms of liquidated damages because the FLSA's damages are meant to be compensatory, while the state damages are meant to be punitive;" following majority of courts and awarding recovery of liquidated damages under both FLSA and NYLL); *McLean*, 2012 U.S. Dist. LEXIS 55425 at *25-26 ("FLSA liquidated damages and NYLL liquidated damages serve fundamentally different purposes, and the plaintiffs are entitled to both FLSA and NYLL liquidated damages for unpaid wage").

In order to establish a good faith defense, under both the FLSA and NYLL, "the employer bears the burden of establishing, by plain and substantial evidence, subjective good faith and objective reasonableness . . . . The burden, under 29 U.S.C. §260, is a difficult one to meet,

14

however, and double damages are the norm, single damages the exception." *Ho*, 2014 U.S. Dist. LEXIS 66408 at *45 (quoting *Reich*, 121 F.3d at 71).[1]

Here, Defendants did not demonstrate that they have a good faith basis for believing their employment practices did not violate the law. Nor did Satinder Sharma meet Defendants' burden and set forth any good faith basis in his direct testimony for the violations Defendants committed. Upon questioning at trial, Satinder Sharma explained that he had started out as a chef and opened Brick Lane Curry House as a chef before receiving other incentives, indicating that Mr. Sharma has had substantial experience in the restaurant industry. (Trial Tr. 101: 10-19) Accordingly, he either knew, or should have known the rules for proper pay practices of restaurant employees. Defendants failed to establish a good faith basis for their violations.

B. Statute of Limitations

The statute of limitations under the FLSA is two years from the filing the Complaint, except that an action based on a willful violation may be commenced within three years of the violation. 29 U.S.C. §255(a). "An employer has willfully violated FLSA if it either acted knowingly or 'showed reckless disregard for the matter of whether its conduct was prohibited by the statute . . . '" *Ho*, 2014 U.S. Dist. LEXIS 66408, at *35 (quoting *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 133 (1988)).

Here, Plaintiffs filed the instant matter within two years of beginning their employment with Defendants, and therefore only the two year statute of limitations period need apply. (PPFF ¶ 1)

---

[1] Plaintiffs understand that this Court recently decided double liquidated damages in FLSA cases are duplicitous, awarding only 100% liquidated damages in a similar matter. *See Zhen Ming Chen v. New Fresco Tortillas Taco LLC,* 2015 WL 5521782 (S.D.N.Y.). Plaintiffs respectfully request the Court look to the prior extensive judicial history outlined above awarding double liquidated damages and apply that standard to the instant case.

## CONCLUSION

Wherefore, it is respectfully requested that Plaintiffs be granted judgment against Defendants, in an amount to be determined in the subsequent liability phase.

Dated:       May 25, 2016

>By: ___/s/ Raquel A. Gutierrez____
>Raquel A. Gutierrez
>Shawn R. Clark
>Michael Faillace & Associates, P.C.
>60 East 42nd Street, Suite 2540
>New York, New York 10165
>(212) 317-1200
>*Attorneys for Plaintiffs*

16