UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
VALENTIN TAPIA, ROMULO RICANO
BALDERAS and EUFEMIA CASTILLO, *individually*          **14-cv-8529 (AJN)**
*and on behalf of others similarly situated,*

                                                                                    **ECF case**

                         *Plaintiffs*,

          -against-

BLCH 3RD AVE. LLC. (d/b/a BRICK LANE
CURRY HOUSE), AJIT BAINS, and
SATINDER SHARMA,

                         *Defendants*.
----------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION
FOR ATTORNEYS' FEES, COSTS, AND INTEREST**

MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 2020
New York, New York 10165
Telephone: (212) 317-1200
*Attorneys for Plaintiff*

Preliminary Statement

As the prevailing party in this action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and New York Labor Law, Plaintiffs are entitled to reasonable fees and costs. 29 U.S.C. § 216(b); N.Y. Lab. Law § 198(1-a). Having achieved considerable success in this action, Plaintiffs now move for reasonable attorneys' fees and costs in the total amount of $26,771.75 as set forth below and recorded in the form of Michael Faillace & Associates, P.C.'s standard billing sheet, annexed to the Declaration of Shawn Clark ("Clark Declaration") as Exhibit A.

Argument

**I.  PLAINTIFFS ARE THE PREVAILING PARTIES IN THIS LITIGATION AND THEREFORE ARE ENTITLED TO AN AWARD OF ATTORNEYS' FEES AND COSTS**

Under the FLSA, "[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of . . . a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). "Both the FLSA and NYLL are fee-shifting statutes entitling [Plaintiffs] to recover . . . reasonable attorneys' fees and costs." *Gurung v. Malhotra*, No. 10 Civ. 5086 (VM) (FM), 851 F. Supp. 2d 583, 2012 U.S. Dist. LEXIS 40970, 2012 WL 691532, at *10 (S.D.N.Y. Feb. 22, 2012); *see* 29 U.S.C. § 216(b); NYLL §§ 198(1-a), 663(1).

In the Second Circuit, awards of attorneys' fees are calculated based on the "presumptively reasonable fee" approach adopted in *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 & n.4 (2d Cir. 2008). Under this approach, the court sets a "reasonable hourly rate," bearing in mind all the case-specific variables, and then multiplies the rate times the number of hours reasonably expended to calculate the "presumptively reasonable

fee." Id. at 190; *see Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 141 (2d Cir. 2007).

A reasonable hourly rate is "the rate a paying client would be willing to pay." *Arbor Hill*, 522 F.3d at 190. In setting this rate, a court is to consider the traditional factors enumerated in *Johnson v. Georgia Highway Express. Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), abrogated on other grounds by *Blanchard v. Bergeron*, 489 U.S. 87, 92-93, 96, 109 S. Ct. 939, 103 L. Ed. 2d 67 (1989):

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary-hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Arbor Hill*, 522 F.3d at 186 n.3 (citing *Johnson*, 488 F.2d at 717-19). The court must also bear in mind that "a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively," and consider that the client "might be able to negotiate with his or her attorneys, using their desire to obtain the reputational benefits that might accrue from being associated with the case." Id. at 186.

Some of the *Johnson* factors "are more logically related to determining the number of hours that should be compensated, and others, such as the extent of success, might be considered in setting the number of compensable hours or in making a further adjustment after a presumptive fee has been established." *Rozell v. Ross-Holst*, 576 F. Supp. 2d 527, 537 n.l (S.D.N.Y. 2008). Overall, "'the most critical factor' in determining the reasonableness of a fee award 'is the degree

2

of success obtained.'" *Farrar v. Hobby*, 506 U.S. 103, 114, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)). Here, and as set forth below, Plaintiffs' fee request is minimal in light of Plaintiffs' success in this case.

## II. THE HOURLY RATES REQUESTED FOR PLAINTIFFS' COUNSEL ARE REASONABLE.

Plaintiffs are seeking hourly rates of $450.00 for Attorney Michael Faillace; $375.00 for Attorney Shawn Clark; and $375.00 for Attorney Raquel Gutiérrez. These rates are the hourly rates typically charged to clients of Michael Faillace & Associates, P.C., and are reasonable and appropriate to the level and skill of the attorneys who have represented Plaintiffs, as well as the level of success achieved by Plaintiffs in this litigation. To assess the reasonable rate, the Court should consider the prevailing market rates "for similar services by lawyers of reasonably comparable skill, experience and reputation," *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)). The Court may also rely on its knowledge of private firms' hourly rates. *Miele v. N.Y. State Teamsters Conference Pension & Ret. Fund*, 831 F.2d 407, 409 (2d Cir. 1987).

The attorneys involved in this case are at the highest level of their profession and are well deserving of the requested rates.

**Michael Faillace**, partner at Michael Faillace & Associates, P.C., is requesting an hourly rate of $450.00. Attorney Faillace has a decade of experience litigating employment actions in the federal courts. Prior to forming the firm, Mr. Faillace worked for seventeen years as an in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace has also taught employment discrimination as an Adjunct Professor at Fordham University School of

3

Law since 1992 and at Seton Hall University Law School from 1995 to 1998. Mr. Faillace is a nationally-renowned speaker and writer on employment law. He is the author of the best-selling treatise on the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI). Attorney Faillace graduated with a Juris Doctor and Masters in Public Administration from Harvard Law School and the Kennedy School of Government in 1983, and an L.L.M. in Labor and Employment Law from New York University School of Law in 1999.

**Shawn Clark**, litigation associate at Michael Faillace & Associates, is requesting an hourly rate of $375.00. A sixth-year associate, Attorney Clark graduated from New York University School of Law in 2010, where he was a Dean's Scholar and an articles editor for the New York University Journal of Legislation and Public Policy. During law school Attorney Clark interned in the trial sections of the United States Attorney's Office for the Eastern District of New York and the New York County District Attorney's Office, and assisted United States District Judge John Gleeson with formulating a curriculum for newly appointed appellate judges at New York University's Opperman Institute for Judicial Administration.

Following law school, Attorney Clark was awarded a NYPD Law Graduate Fellowship, a program by the New York City Police Foundation and New York City Law Department which selects a single outstanding law school graduate per year. In 2010, Attorney Clark worked in the Legal Bureau of NYPD under the direct supervision of the NYPD's chief legal officer, where he advised police executives on a variety of criminal and employment law issues. In the remaining years of the fellowship Attorney Clark was assigned to the Special Federal Litigation Division of the New York City Law Department, where he was responsible for defending Section 1983 litigation brought against police, district attorney and correction defendants in the Southern and

Eastern Districts of New York. His responsibilities involved all aspects of case management from responsive pleadings to trial, including serving and responding to paper discovery, depositions, and motion practice. Since joining Michael Faillace & Associates, P.C. in February 2014, Attorney Clark has been responsible for all aspects of the firm's employment docket in federal court, including lead responsibility on multiple individual, collective, and class action litigations under the FLSA. He has been selected as a Super Lawyers Rising Star in both 2015 and 2016 for his successes in litigation.

Attorney Clark is an active member of the New York City Bar Association and the New York Chapter of the National Employment Lawyers Association.

**Raquel A. Gutiérrez**, litigation associate at Michael Faillace & Associates, P.C., is billed at the rate of $375 per hour.  She graduated from Fordham Law School in 2011.  Following law school she practiced in the Kings County District Attorney's Office for three years cultivating a background in criminal litigation. Since joining Michael Faillace & Associates, P.C. in February 2015, she has been responsible for all aspects of the firm's employment docket in federal court, including lead responsibility on multiple individual and collective action litigations under the FLSA.

**Joshua Androphy**, senior associate at Michael Faillace & Associates, P.C., is requesting an hourly rate of $400.00. Attorney Androphy graduated from Columbia University School of Law in 2005, where he was a Harlan Fiske Stone Scholar and Managing Editor of the Columbia Journal of Law and Social Problems.

Following law school, Attorney Androphy developed a broad background in litigation at Olshan Frome Wolosky LLP, where he practiced complex commercial litigation, employment litigation, securities litigation and contract litigation for seven years. Since joining Michael

5

Faillace & Associates, P.C. in 2012, Attorney Androphy has been responsible for litigating all aspects of individual, collective, and class action employment claims in state and federal court.

Attorney Androphy is an active member of the New York City and New York State Bar Associations, and was named a Super Lawyers Rising Star in 2014, 2015 and 2016.

### III.     PLAINTIFFS' COUNSEL EXPENDED A REASONABLE AMOUNT OF TIME ON THIS CASE AND SHOULD BE COMPENSATED FOR IT

"After determining the appropriate hourly billing rate, the court calculates the hours reasonably expended." *Maldonado v. La Nueva Rampa*, Inc.,2012 U.S. Dist. LEXIS 67058 at *13 (S.D.N.Y. May 14, 2012). The Court must make "a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994). The critical inquiry is "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992) (citation omitted); *accord Nike, Inc. v. Top Brand Co.*, No. 00 Civ. 8179 (KMW) (RLE), 2006 U.S. Dist. LEXIS 76543, 2006 WL 2946472, at *5 (S.D.N.Y. Feb. 27, 2006), *report & rec. adopted*, 2006 U.S. Dist. LEXIS 76540, 2006 WL 2884437 (S.D.N.Y. Oct. 6, 2006). The Court should examine contemporaneous time records that identify, for each attorney, the hours expended on a task, "with a view to the value of the work product of the specific expenditures to the client's case." *Luciano v. Olsten Corp.*, 109 F.3d 111, 116 (2d Cir. 1997) (citation omitted); *see also Scott v. City of New York*, 643 F.3d 56, 57 (2d Cir. 2011); *N.Y. State Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). The Court may also rely on its own experience with the case, as well as its experiences with similar submissions and arguments as additional support. *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992). *But see Scott*, 643 F.3d at 58 ("award based entirely on the district court

6

judge's personal observation and opinions of the applying attorney . . . is contrary to *Carey*"). Ultimately, "[m]ultiple attorneys are allowed to recover fees on a case if they show that the work reflects the distinct contributions of each lawyer." Id. (citations omitted).

Plaintiff requests compensation for 74.95 hours of billed time. Here, Plaintiffs' request for compensation for hours of time is eminently reasonable, especially in light of the high degree of Plaintiffs' success. This matter was litigated for over a year, and Plaintiff prevailed on multiple claims. Plaintiffs success comes after paper discovery and a bench trial at which Plaintiffs ultimately prevailed. Plaintiffs' billed time is especially efficient in light of the fact Plaintiff in this case only speaks Spanish, requiring translation services for several of the lawyers who worked on this case and necessarily requiring additional time expended on this action for which Plaintiffs are not seeking special compensation.

## IV. PLAINTIFFS ARE ENTITLED TO REIMBURSEMENT OF THEIR COSTS

As prevailing parties, Plaintiffs are entitled to reasonable costs. The law is clear that a prevailing plaintiff in an FLSA case is entitled to "costs of the action." 29 U.S.C. § 216(b); *see also Santillan v. Henao*, 822 F. Supp.2d 284, 301 (E.D.N.Y. 2011) ("As a general matter, a prevailing plaintiff in an action under the FLSA … is entitled to recover costs from the defendant."); *Smith v. Nagai*, No. 10 Civ. 8237 (PAE) (JCF), 2012 U.S. Dist. LEXIS 89352, 2012 WL 2421740, at *6 (S.D.N.Y. May 15, 2012) (noting documented costs "are fully compensable under the FLSA"), *report & rec. adopted*, 2012 U.S. Dist. LEXIS 89353, 2012 WL 2428929 (S.D.N.Y. June 27, 2012); *Kahlil v. Original Old Homestead Rest., Inc.*, 657 F. Supp. 2d 470, 478 (S.D.N.Y. 2009) [52] ("Fee awards include 'reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.') (*quoting LeBlanc-Sternberg v. Fletcher*, 143

F.3d 748, 763 (2d Cir. 1998) (citation omitted)). Plaintiff seeks costs associated with court filings, service of process, translation services, and trial reporting in this action, as documented in Exhibit A to the Clark Declaration. These costs total to $2,250.00.

**Conclusion**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff an award of attorneys' fees in the amount of $28,550.00 and costs of $2,250.00 for a total of $30,800.00, as set forth in the Clark Declaration.

Dated: New York, New York
September 16, 2016

Respectfully submitted,

 /s/ SHAWN CLARK
Shawn Clark, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 2020
New York, NY 10165
(212) 317-1200
SClark@faillacelaw.com
*Attorneys for Plaintiffs*