UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
VALENTIN TAPIA, ROMULO RICANO
BALDERAS and EUFEMIA CASTILLO,
individually and on behalf of others
similarly situated,                                                  1:14-CV-08529 (AJN)

                  **Plaintiffs,**

      -against-

BLCH 3RD AVE. LLC. (d/b/a BRICK LANE
CURRY HOUSE), AJIT BAINS, and
SATINDER SHARMA,

                  **Defendants.**
--------------------------------------------------------X

___

# DEFENDANT'S RESPONSE
# TO PLAINTIFFS' REQUEST ATTORNEY FEES AND COSTS

___

Dated: New York, New York
       SEPTEMBER 30, 2016       Respectfully submitted by,
                                                    By: /s/Nadi Viswanathan(nv2513)
                                                    [Ganesh]Nadi Viswanathan
                                                    For Viswanathan Asia-Pacific International
                                                    Law Practice Group, P.C.
                                                    469 Seventh Avenue, 7th Floor
                                                    New York, NY 10018
                                                    Tel:  (646)-450-4443
                                                    Fax: (646)-727-9765

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
VALENTIN TAPIA, ROMULO RICANO
BALDERAS and EUFEMIA CASTILLO,
*individually and on behalf of others similarly
situated,*                                                                    1:14-CV-08529 (AJN)

                    *Plaintiffs*,            DEFENDANTS' RESPONSE TO
                                                                              PLAINTIFFS' REQUEST FOR
      -against-                                          ATTORNEY FEES AND COSTS

BLCH 3RD AVE. LLC. (d/b/a BRICK LANE
CURRY HOUSE), AJIT BAINS, and
SATINDER SHARMA,

                    *Defendants.*
----------------------------------------------------------X

      Defendants, BLCH 3RD AVE. LLC. (d/b/a BRICK LANE CURRY HOUSE), , (hereafter "defendant"), by and through their attorneys Viswanathan Asia-Pacific International Law Practice, P.C., hereby submit its Response to the Plaintiffs' Request for Attorney Fees and Costs.

Preliminary Statement

      At the outset, defendant submits that the plaintiffs could not be "*said to have achieved considerable success in this action…*', as has been claimed by the plaintiffs in its Memorandum of Law in support of their motion requesting "attorney fees and costs."    Further, the defendant submits that the attorney fees and costs that has been mentioned in the '*Preliminary Statement,*' of their Memorandum of Law Support in Support, as *$26,771.75,* whereas the detailed

2

*statement that was attached as Exhibit A to Mr. Shawn Clark's Declaration dated September 16, 2016, was $**30,800.00.***

**I. Defendant Submits That the Plaintiff Here Could Not be Said To Have Attained a 'Great Success' in this Action And Second, The Underlying Subject Matter is Not Complex for Plaintiffs' Counsel:**

Defendant respectfully submits that, as compared to the plaintiffs' Claim Damages under the Fair Labor Standards Act as well as under the New York Labor Law, as it contained in the '*Joint Pre-Trial Order,*' submitted on March 28, 2016 [which amount *was approximately $228,000.00*], plaintiffs were awarded a total of *approximately $117,000.00* by this Honorable Court's Order after Bench Trial dated September 1, 2016. Therefore, the plaintiffs here could not be said to have achieved a 'great success' in this matter.

Further, the underlying subject matter in this action, FLSA, is not complex at all and the plaintiffs' attorneys have litigated, over the years, hundreds of similar such law suits before the Federal Courts in the State of New York. Almost always, plaintiffs' law firms follow similar stereo-type of pleadings.

**II. Defendant Respectfully Requests Reduction in the Rate as Claimed by Plaintiffs As Attorney Fees:**

**a. The Claim Must Relate to "*Reasonable Hours Spent*":**

3

Defendant submits that, pursuant to the provisions under Fair Labor Standards Act of 1938, § 16(b), 29 U.S.C.A. § 216(b), in reducing a claim for an attorney's time spent on an FLSA action, the court may use a percentage deduction as a practical means of trimming fat from a fee application. Please, also *see Scott v. City of New York*, 643 F.3d 56 [2d Cir. 2011], where the court re-remanded the matter to the District Court on the issue of number of hours spent, as reflected by contemporaneous records.

b.  **Defendant Requests A '*Reduction in the Rate of Pay" for the Hours Assessed:***

Generally, in determining reasonable attorney's fees, the district court must calculate a "*lodestar*" figure based upon the number of hours reasonably expended by counsel on the litigation multiplied by a reasonable hourly rate. *Blanchard v. Bergeron,* 489 U.S. 87, 94, 109 S.Ct. 939, 944–45, 103 L.Ed.2d 67 [1989]; *see also, Cruz v. Local Union No. 3 of the Int'l Bhd. of Elec. Workers,* 34 F.3d 1148, 1159 [2d Cir.1994].

The "lodestar" figure should be "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson,* 465 U.S. 886, 896 n. 11, 104 S.Ct. 1541, 1547 n. 11, 79 L.Ed.2d 891 [1984]. *See also, Gurung v. Malhotra,* 851 F.Supp. 2d, 583 [S.D.N.Y. 2012] ('The court may consider the prevailing market

4

rates "for similar services by lawyers of reasonably comparable skill, experience and reputation" '), citing *Gierlinger v. Gleason,* 160 F.3d 858, 882 [2d Cir.1998].

Previously, the Court, in a similar employee's FLSA action, held[1] that, for purposes of lodestar calculation of fee award, an hourly rate of $350 per hour was appropriate for attorney with ten years' experience; rate of $300 per hour for attorney with eight years' experience had previously been approved in similar case. *See,* Fair Labor Standards Act of 1938, § 16(b), 29 U.S.C.A. § 216(b).

Additionally, the Court may rely on its own knowledge of private firm hourly rates. *See, Gurung, citing, Miele v. N.Y. State Teamsters Conference Pension & Ret. Fund,* 831 F.2d 407, 409 (2d Cir.1987). "Both [the Second Circuit] and the Supreme Court have held that the lodestar—the product of <u>a reasonable hourly rate</u> and the <u>reasonable number of hours required</u> by the case—creates a '<u>presumptively reasonable fee.</u>' " *Millea v. Metro–North R. Co.,* 658 F.3d 154, 166 (2d Cir.2011) (citing *Perdue v. Kenny A. ex rel. Winn,* 559 U.S. 542, 130 S.Ct. 1662, 1672, 176 L.Ed.2d 494 (2010); *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany,* 522 F.3d 182, 190 (2d Cir.2008)).

In exercising its "<u>*considerable discretion*</u>" as to attorneys' reasonable hourly billing rates, one of the factors a court should consider is the rates that a

---

[1] *Gonzalez v. Scalinatella, Inc.*, 112 F.Supp.3d 5 (2015)

5

"paying client would be willing to pay," "bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill,* 522 F.3d at 190; *see Perdue,* 130 S.Ct. at 1672 ("[A] 'reasonable' fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case."). The issue thus is not what well-heeled clients might be willing to pay, but the "hourly rate at which a client who wished to pay no more than necessary would be willing to compensate his attorney" for the services that Gibson Dunn provided. *Arbor Hill,* 522 F.3d at191.

Here, a fee at the rate of $375.00 has been claimed in respect of the lead attorney, Raquel Gutierrez, Esq., who did most of the work. However, Ms. Gutierrez, admittedly possesses, as stated in the Memorandum of Law, a work experience of about one year in the FLSA related actions, having joined the plaintiffs' law firm in the year 2015. Therefore, it is requested that this Honorable Court may please award Ms. Gutierrez's services at the rate of $250.00 [$375.00 per hour minus one-third reduction, i.e., $125.00=$250.00 per hour].

The total amount claimed in respect of Ms. Gutierrez comes to about $20,400.00. Defendant respectfully requests a reduction in respect of this amount by one-third.

Similarly, there have been duplicate hours/excess amounts spent that have been charged in the total amount claimed in respect of the senior partner, Michael Faillace, Esq., and the Associate, Shawn Clark, Esq.

The *lodestar calculation of* amount claimed, on behalf of both, is approximately $8,000.00. Defendant, similarly, requests at least one-third reduction in respect of the fees claimed by both. *Please see*, *Santillan v. Henao*, 822 F.Supp.2d 284 [E.D.N.Y. 2011], where the same plaintiffs' law firm, as here, i.e., Michael Faillace, & Associates, P.C., appeared on behalf of plaintiffs there, and the court there awarded a reduced attorneys-fees calculated at a lower rate for Mr. Michael Faillace and his associate.

### III.  Defendant Is Not Requesting Any Reduction In Costs Claimed:

The defendant is not seeking any reduction in costs claimed, even though they have not provided any details of names and other information in respect of the process service fee, transcript fee, and translator fee. *See, LeBlanc–Sternberg v. Fletcher,* 143F.3d 748¨[2d Cir 1998].

WHEREFORE, defendant requests an 'across-the-board' reduction of one-third of the total attorney fees, as per the *lodestar* calculation, of $28,550.00, sought for by the plaintiffs, and for any other and further Order, as this Honorable Court may deem just and equitable.

7

Dated: New York, New York

    OCTOBER 3, 2016                       Respectfully submitted by,

<u>By: /s/Nadi Viswanathan(nv2513)</u>
[Ganesh]Nadi Viswanathan
For Viswanathan Asia-Pacific International
Law Practice Group, P.C.
469 Seventh Avenue, 7th Floor
New York, NY 10018
Tel:  (646)-450-4443
Fax: (646)-727-9765
ganeshvnus@gmail.com