UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Valentin Tapia, *et al.*,

                Plaintiffs,

–v–

BLCH 3rd Ave. LLC., *et al.*,

                Defendants.

14-cv-8529 (AJN)

MEMORANDUM & ORDER

---

ALISON J. NATHAN, District Judge:

Following a one-day bench trial in this Fair Labor Standards Act ("FLSA") case, the Court concluded that Defendant BLCH 3rd Ave. LLC violated the FLSA and New York Labor Law and accordingly awarded damages to the three plaintiffs. Plaintiffs subsequently moved for attorney's fees and costs. For the following reasons, the Court concludes that Plaintiffs are entitled to $22,122.50 in attorney's fees and costs.

## I.    Background

Plaintiffs Valentin Tapia ("Tapia"), Romulo Ricano Balderas ("Balderas"), and Eufemia Castillo ("Castillo") brought this action against their former employer, BLCH 3rd Ave. LLC (doing business as Brick Lane Curry House), and its owners, for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New York Labor Law ("NYLL") §§ 190 *et seq.* and 650 *et seq.* Memo & Order at 1 (Dkt No. 91); *Tapia v. Blch 3rd Ave. LLC*, No. 14-cv-8529 (AJN), 2016 WL 4581341, at *1 (S.D.N.Y. Sept. 1, 2016). Plaintiff Castillo worked as a dishwasher, and Plaintiffs Balderas and Tapia were nominally employed as delivery workers. Memo & Order at 5. After repeated delays caused by the defendants, a one-day bench trial was

1

held on April 18, 2016. Memo & Order at 2-3. On September 1, 2016, the Court issued a Memorandum & Order concluding that Plaintiffs had met their burden of proof as to all of their FLSA and NYLL claims with respect to Defendant BLCH, but not with respect to the individual defendants, Bains and Sharma. Memo & Order at 7; *Tapia*, 2016 WL 4581341, at *4. In particular, the Court concluded that BLCH had violated FLSA and NYLL by failing to pay minimum and overtime wages, requiring Tapia to purchase tools of the trade without providing the minimum required compensation, failing to pay "spread of hours" wages, and failing to provide the required wage notices and statements. Memo & Order at 8-12. The Court concluded, however, that Plaintiffs failed to demonstrate that the individual defendants had "operational control" over the employees, such that the individual defendants should be considered employers liable for the FLSA and NYLL violations. Memo & Order at 14-16. The Court awarded, in aggregate, damages totaling $116,440,89. Specifically, Plaintiff Castillo was awarded (1) $810 in unpaid minimum wages, (2) $19,589.84 in unpaid overtime, (3) $3,891 in unpaid spread of hours wages, (4) $5,000 in statutory damages, and (5) $24,290.84 in liquidated damages, for a total of $53,581.69; Plaintiff Balderas was awarded (1) $461 in unpaid minimum wages, (2) $14,156.35 in unpaid overtime, (3) $1,291.25 in unpaid spread of hours wages, (4) $3,950 in statutory damages, and (5) $15,908.60 in liquidated damages, for a total of $35,767.20; and Plaintiff Tapia was awarded Tapia (1) $464 in unpaid minimum wages, (2) $9,384 in unpaid overtime, (3) $750 in reimbursement for tools of the trade, (4) $1,073 in unpaid spread of hours wages, (5) $3,750 in statutory damages, and (6) $11,671 in liquidated damages, for a total of $27,092. Memo & Order at 16. After concluding that FLSA and NYLL violations had occurred and awarding damages, the Court set a briefing schedule for any motion for interest, fees, and costs. *Id.*

On September 16, 2016, Plaintiffs moved for attorney's fees and costs. Dkt No. 92. Defendants opposed the motion for attorney's fees, but they did not dispute the requested costs. Dkt No. 96. Plaintiffs did not file a reply. Dkt Nos. 97-98.

Originally, there was a discrepancy in the amount of fees sought by Plaintiff. In their memorandum of law supporting their motion for attorney's fees, Plaintiffs sought "reasonable attorneys' fees and costs in the total amount of $26,771.75." Dkt No. 94 at 1. But the declaration and records filed in support of this motion accounted for $28,550.00 in attorney's fees and $2,250 in costs. Dkt No. 93. The Court accordingly ordered Plaintiffs to clarify the amount requested. Dkt No. 99. In a July 20, 2017 letter, Plaintiffs confirmed that they seek $28,500.00 in attorney's fees and $2,250.00 in costs, the amount set out in the billing records attached to the supporting declaration. Dkt No. 100.

## II.     Discussion

For the following reasons, the Court concludes that Plaintiffs are entitled to $19,872.50 in attorney's fees and $2,250.00 in costs.

### A.     Legal Standards

"Reasonable attorney's fees and costs are awarded as a matter of right to a prevailing plaintiff in an action under the FLSA or NYLL." *Francois v. Mazer*, 523 F. App'x 28, 29 (2d Cir. 2013) (citing 29 U.S.C. § 216(b); NYLL §§ 198(1–a), 663(1)); *see also Galeana v. Lemongrass on Broadway Corp.*, 120 F. Supp. 3d 306, 323 (S.D.N.Y. 2014). The FLSA provides that "[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of . . . a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Similarly, NYLL provides that "[i]n any action instituted in the courts upon a wage claim by an

employee or the commissioner in which the employee prevails, the court shall allow such employee to recover . . . all reasonable attorney's fees." NYLL § 198(1-a).

To determine the amount of attorney's fees that should be awarded, a court must calculate the "presumptively reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008); *Quiroz v. Luigi's Dolceria, Inc.*, No. 14-CV-871 (VVP), 2016 WL 6311868, at *1 (E.D.N.Y. Oct. 28, 2016). "[T]he 'presumptively reasonable fee' . . . is generally arrived at by multiplying 'the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate.'" *Gortat v. Capala Brothers, Inc.*, 621 F. App'x 19, 22 (2d Cir. 2015) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The Court should also examine whether there are other "case-specific considerations" that warrant an adjustment. *See Arbor Hills*, 522 F.3d at 186; *Sevilla v. Nekasa Inc.*, No. 16 Civ. 2368 (AJP), 2017 WL 1185572, at *2 (S.D.N.Y. Mar. 30, 2017). Overall, a "reasonable" fee is one "that is sufficient to induce a capable attorney to undertake the representation of a meritorious [FLSA] case." *Sevilla*, 2017 WL 1185572, at *3 (quoting *Perdue v. Kenny A.*, 559 U.S. 542, 551-53 (2010)); *see also Gortat*, 621 F. App'x at 22; *Arbor Hills*, 522 F.3d at 190.

"An application for attorneys fees in this Circuit must be accompanied by contemporaneous billing records for each attorney documenting the date, the hours expended, and the nature of the work." *Quiroz*, 2016 WL 6311868, at *2 (citing *Scott v. City of New York*, 643 F.3d 56, 57 (2d Cir. 2011)). Here, Plaintiffs have submitted contemporaneous billing records reflecting the work of four lawyers — Michael Faillace (a partner), Joshua Androphy (a senior associate), Shawn Clark (a sixth year associate), and Raquel A. Gutiérrez (a litigation

4

associate) — and apparently a paralegal.[1] Mot. at 3-5 (Dkt No. 94); Dkt No. 93-1. The firm that represented Plaintiffs in this case, Michael Faillace & Associates, P.C., billed hourly rates at $450 for Mr. Faillace, $400 for Mr. Androphy, $375 for Mr. Clark and Ms. Gutiérrez, and $200 for the paralegal. *Id.* These records reflect that Plaintiffs' attorneys spent 74.95 hours on the case and billed, in total, $28,550. Dkt No. 93-1 at 4. The Court now turns to examining whether the hours and work reflected in these records are reasonable.

### B. The Hourly Rates Are Excessive

In calculating the presumptively reasonable fee, the Court should examine whether the hourly rates billed by Plaintiffs' counsel are reasonable. *See Gortat*, 621 F. App'x at 22. A "reasonable hourly rate is the rate a paying client would be willing to pay." *Arbor Hills*, 522 F.3d at 190. Here, Defendants contend that at least some of the hourly rates are excessive. Opp. at 6 (Dkt No. 96). The Court agrees and will reduce the hourly rates for all four attorneys and the paralegal.

Courts in this Circuit have repeatedly described the hourly rates requested here as "excessive" or "high." *See, e.g., Sevilla*, 2017 WL 1185572, at *5 (finding Mr. Faillace's $450 requested hourly rate and Mr. Clark's $375 requested hourly rate "excessive"); *Najera v. 144 Ninth Gotham Pizza, Inc.*, No. 12cv3133 (DLC), 2017 WL 728703, at *2 (S.D.N.Y. Feb. 24, 2017) (noting that the requested hourly rate of $375 for Mr. Clark fell "on the higher end of the spectrum in this district"); *Lopez v. SGRA Corp.*, No. CV 2014-5225 (SJ) (MDG), 2016 WL 8711350, at *10 (E.D.N.Y. Mar. 31, 2016) ("The hourly rate of $450 sought by plaintiff for Mr. Faillace and $400 for Mr. Androphy's work are above the general range of rates received by

---

[1] In their memorandum of law in support of their motion for attorney's fees, Plaintiffs do not address the paralegal's work. *See* Mot. at 3-5 Plaintiffs' billing records, however, reflect that "PL" spent 2 hours "drafting and reviewing facts of law" and was billed at a rate of $200 per hour. Dkt No. 93-1 at 4.

5

similarly experienced attorneys in this district."); *Gonzalez v. Jane Roe Inc.*, No. 10 CV 1000(NGG)(RML), 2015 WL 4662490, at *6 (E.D.N.Y. July 15, 2015) ("Here, plaintiff has requested an hourly rate of $450 for Mr. Faillace, who has been the Managing Member of Michael Faillace & Associates, P.C. since 1983, and $400 for associate Joshua S. Androphy . . . '[T]hose rates are excessive.'").

Such higher rates are unwarranted under the particular circumstances of this case. "[T]he FLSA and New York Labor Law are both straightforward" and "relative[ly] simpl[e]." *Cho v. Koam Medical Servs. P.C.*, 524 F. Supp. 2d 202, 208 (E.D.N.Y. 2007). This case was particularly simple given that it involved only a one-day bench trial, at which Defendants presented only a single witness. Memo. & Order at 2-4. Accordingly, the Court finds a reduction of the requested hourly rates appropriate. *See Watkins v. Smith*, No. 12cv4635 (DLC), 2015 WL 476867, at *3 (S.D.N.Y. Feb. 5, 2015) ("Rates generally fall to the lower end of the spectrum . . . when the case presents only straightforward issues."); *cf. Najera*, 2017 WL 728703, at *2 (approving hourly rates at the higher end of the spectrum given "the complexity of th[e] litigation and the favorable results obtained").

In accordance with the rates generally approved of by other district courts in this Circuit, the Court reduces Mr. Faillace's rate to $400 per hour,[2] Mr. Androphy's rate to $350 per hour,[3] Mr. Clark and Ms. Gutiérrez's rate to $250 per hour,[4] and the paralegal rate to $100 per hour.[5]

### C. The Hours Expended is Reasonable

Next, the Court analyzes "whether the amount of hours billed is reasonable." *Sevilla*, 2017 WL 1185572, at *6. "A court has broad discretion to 'trim the fat' in an application for attorneys' fees, and to eliminate excessive or duplicative hours." *Quiroz*, 2016 WL 6311868, at *3 (citing *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d. Cir. 1988)). "The critical inquiry is whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Sevilla*, 2017 WL 1185572, at *6 (citations and quotation marks omitted). Here, Plaintiffs seek reimbursement for 74.95 hours litigating this case. Dkt No. 93-1. The tasks completed by Plaintiffs' counsel include, *inter alia*, preparing the complaint, calculating potential damages, preparing and reviewing discovery, conducting depositions, engaging in settlement discussions, and prepping witnesses for trial. *Id.* Given that this case

---

[2]*See, e.g.*, *Hernandez v. JRPAC Inc.*, No. 14 Civ. 4176 (PAE), 2017 WL 66325, at *2-*3 (S.D.N.Y. Jan. 6, 2017) (reducing Mr. Faillace's requested hourly rate from $450 to $400); *Quiroz*, 2016 WL 6311868, at *2 ("[E]xperienced counsel litigating FLSA cases in this district have obtained fee awards ranging from $275 to $375 per hour."); *Lopez*, 2016 WL 8711350, at *10 (reducing Mr. Faillace's requested hourly rate from $450 to $375); *Zhang v. Joy's Hair Studio, Inc.*, No. 13-CV-3220(RRM)(RML), 2016 WL 3582044, at *2 n.1 (E.D.N.Y. June 27, 2015) ("[T]he prevailing hourly rates for partners handling FLSA cases in this district are between $300 and $400."); *Marquez v. Erenler, Inc.*, No. 1:12-cv-8580-GHW, 2014 WL 5847441, at *2-*3 (S.D.N.Y. Nov. 10, 2014) (reducing Mr. Faillace's requested hourly rate from $450 to $400).
[3]*See, e.g.*, *Hernandez*, 2017 WL 66325, at *2-*3 (reducing Mr. Androphy's hourly rate from $400 to $350); *Lopez*, 2016 WL 8711350, at *10 (reducing Mr. Androphy's hourly rate from $400 to $275); *Marquez*, 2014 WL 5847441, at *2-*3 (reducing Mr. Androphy's hourly rate from $400 to $300).
[4]*See, e.g.*, *Sevilla*, 2017 WL 1185572, at *5-*6 (reducing Mr. Clark's requested rate from $375 to $250 per hour); *Hernandez*, 2017 WL 66325, at *2-*3 (reducing the rate for Mr. Clark and Ms. Gutiérrez from $375 to $250); *Marquez*, 2014 WL 5847441, at *2-*3 (reducing Mr. Clark's requested rate of $375 to $200 per hour).
[5] *See Guo v. Tommy's Sushi, Inc.*, No. 14 Civ. 3964 (PAE), 2016 WL 452319, at *5 (S.D.N.Y. Feb. 5, 2016) (noting that "prevailing rates for paralegals and interns in employment law cases in this District" tend to be $100); *Mills v. Capital One, N.A.*, No. 14 Civ.1937(HBP), 2015 WL 5730008, at *12 (S.D.N.Y. Sept. 30, 2015) ("As to the requested fees for paralegal work, in recent FLSA actions, hourly rates between $100 and $125 for paralegal work have been found to be reasonable.")

involved multiple plaintiffs and trial preparation, the Court finds the requested hours reasonable. *See Hernandez*, 2017 WL 6632, at *4; *Widjaja v. Kang Yue USA Corp.*, No. 09 Civ. 2089 (AMD) (CLP), 2016 WL 1056565, at *1-*2 (E.D.N.Y. Mar. 16, 2016) (approving attorney's fees of $39,522.50 for 115 hours of work for a FLSA case that culminated in a one-day bench trial).

### D. The Total Award is Reasonable

Next, the Court examines whether a further adjustment of the award is warranted "based on case-specific considerations." *Arbor Hill*, 522 F.3d at 188, 190. With the adjusted hourly rates described above, Plaintiffs would be entitled to $19,872.50 in attorney's fees and $2,250.00 in costs, for a total of $22,077.50. Defendants do not object to the requested costs, *see* Opp. at 7, but they contend that the attorney's fees award should be further reduced because "plaintiffs here could not be said to have achieved a 'great success' in this matter." *Id.* at 3. The Court declines to further reduce the attorney's fees award for two reasons. First, although Plaintiffs were ultimately unsuccessful in proving the liability of the individual defendants, Plaintiffs met their burden of showing that significant FLSA and NYLL violations occurred. The Court concluded that BLCH was liable for failing to pay minimum and overtime wages, failing to compensate Plaintiff Tapia for "tools of the trade," failing to pay "spread of hours" wages, and failing to provide request wage notices and statements, and the Court awarded, in aggregate, $116,440,89 in damages to Plaintiffs. Memo & Order at 8-13, 16. Second, to the extent Defendants are correct that the award should be reduced, the Court finds the reduction caused by the decrease in hourly rates, detailed above, is sufficient to render the overall award reasonable. The amount of attorney's fees the Court ultimately awards here, $19,872.50, is well within reason when compared to other attorney's fees awarded in this Circuit. *See, e.g., Widjaja*, 2016 WL 1056565, at *1-*2 (awarding $39,522.50 in attorney's fees after Plaintiff obtained damages

8

of $20,481.45 following a one-day bench trial); *Apolinario v. Luis Angie Deli Grocery Inc.*, No. 1:14–cv–2328–GHW, 2015 WL 4522984, at *1 (S.D.N.Y. July 27, 2015) (awarding $17,183.75 in attorney's fees after Plaintiff secured $478,983.50 in damages following a one-day bench trial); *Kadden v. VisuaLex, LLC*, No. 11 Civ. 4892(SAS), 2012 WL 6097656, at *1, *3 (S.D.N.Y. Dec. 6, 2012) (awarding $138,750.00 in attorney's fees after Plaintiff secured $21,765.81 in damages following a two-day bench trial); *Tlacoapa v. Carregal*, 386 F. Supp. 2d 362, 374 (S.D.N.Y. 2005) (awarding $40,227.94 in attorney's fees and costs after Plaintiff secured $15,427.00 in damages after trial).

### E. Reasonable Costs

Finally, Plaintiffs seek $2,250 in costs. Dkt No. 93-1. These costs include a $350 filing fee, $225 in service fees, $925 in transcript fees, and $750 in interpreter fees. *Id.* Defendants do not object to the requested costs. Opp. at 7. The Court finds the requested costs reasonable and supported by the record. *See Hernandez*, 2017 WL 66325, at *2 (approving filing, court reporter, service, and interpreter fees); *Armata v. Unique Cleaning Servs., LLC*, No. 13-CV-3625 (DLI) (RER), at *10 (E.D.N.Y. Aug. 27, 2015) (awarding filing fee costs); *Febus v. Guardian First Funding Group, LLC*, 870 F. Supp. 2d 337, 341 (S.D.N.Y. 2012) (approving, *inter alia*, service charges, filing fees, and court reporter fees)

### III. Conclusion

For the aforementioned reasons, the Court awards $19,872.50 in attorney's fees and $2,250 in costs to the plaintiffs. No application for interest was made. The Clerk of the Court is directed to enter judgment consistent with this Order and with the Court's September 1, 2016 Order (Dkt No. 91), which set out the damages to which each plaintiff was entitled.

This resolves Docket Number 92. After entering judgment, the Clerk of the Court is respectfully requested to close this case.

SO ORDERED.

Dated: Aug 23, 2017
New York, New York

ALISON J. NATHAN
United States District Judge